McCARTHY v. PAYNE.

1. ESTOPPEL — RIGHT TO INVOKE — PUBLIC POLICY — CRIMINAL STATUS.
   Public policy will not permit one, who was carrying on an unlawful business when his property was attached, to invoke an estoppel to prevent the officer from setting up the unlawful character of the business to defeat an action of trover for failure to set off his exemption.

2. EXEMPTIONS—UNLAWFUL BUSINESS—LIQUOR LICENSE.
   Where one of a firm having a saloon license buys out his partner and carries on the business without obtaining a new license as required by law, his business is unlawful, so that he may not claim the statutory exemption out of the stock in trade.

Error to Muskegon; Russell, J.  Submitted October 11, 1905.  (Docket No. 32.)  Decided October 31, 1905.

Trover by Thomas McCarthy against Rolla R. Payne, sheriff of Muskegon county.  There was judgment for defendant on a verdict directed by the court, and plaintiff brings error.  Affirmed.

*Cross, Lovelace & Ross* and *F. W. Cook*, for appellant.

*Turner & Turner*, for appellee.

BLAIR, J.  This was an action of trover against the sheriff of Muskegon county for the conversion of property which plaintiff selected for his statutory exemption as a saloon keeper.  September 5, 1903, the plaintiff, Thomas McCarthy, formed a copartnership with one James Roe, under the firm name of Roe & McCarthy, and engaged in the business of running a saloon and restaurant on Pine street, in the city of Muskegon, paying the tax, and giving the statutory liquor bond required by law.  This part-

nership was dissolved October 30, 1903; McCarthy buying Roe's interest, assuming the debts of the firm, and continuing to run the business at the same place in his own name until February, 1904, when it was closed on an attachment brought by the Dallas Transportation Company in a suit to recover an indebtedness due from Roe & McCarthy. The plaintiff paid no State or government tax, other than that which was paid by the firm of Roe & McCarthy, and gave no new liquor bond, but after Roe went out of the firm continued to run the saloon upon the license originally granted to Roe & McCarthy. Under the attachment above mentioned defendant, as sheriff of Muskegon county, levied upon all the property which plaintiff had in the saloon and restaurant, took possession of the place, locked the doors, and excluded everybody therefrom. The saloon business was the business in which the plaintiff was principally engaged. No opportunity was given plaintiff to select his statutory exemption, either at the time of the levy, inventory, or appraisal; but subsequently, without plaintiff's authority or knowledge, defendant pretended to set off as plaintiff's exemption two cash registers, which, at the time of the aforesaid levy, were in plaintiff's possession under a contract of purchase, but to which he had no title.

Before commencing this action plaintiff went to the clerk's office, and from the inventory and appraisal in the attachment suit, and according to the appraised value, selected property to the aggregate value of $250 as and for his statutory exemption, and on the same day served upon defendant a notice thereof and demand therefor in writing. The defendant refused to comply with said demand, and thereupon this action was brought. Under his plea of the general issue defendant gave the following notice of special defense:

"*Sirs:* Please to take notice that under the plea of the general issue, above pleaded, the said defendant will also give in evidence, and insist in his defense, that the personal property sued for in this action is held and was taken

by him upon a certain writ of attachment issued out of the circuit court for the county of Muskegon, at the suit of the Dallas Transportation Company, plaintiffs, against the said Thomas McCarthy, as defendant, upon the 2d day of February, A. D. 1904.

"That the said plaintiff in this action, the said Thomas McCarthy, was notified time and time again, after the said levy was made, to come and select his exemptions, but he neglected to do so; and that under the statute said defendant set out his exemption for him, setting out personal property to the value of two hundred and fifty dollars that the said McCarthy had claimed was his."

At the close of plaintiff's proofs the court, upon motion of counsel for defendant, directed a verdict of not guilty, holding that plaintiff was not in a position to claim his statutory exemption of $250 in the saloon business, because of the fact that after plaintiff had bought out the interest of his partner, James Roe, at a time when they were legitimately engaged in the saloon business, the plaintiff, for a period of four months thereafter, ran said saloon in his own name without paying a new tax on said business, and without giving a new bond as required by law, and that upon no theory could plaintiff recover.

The grounds upon which plaintiff relies for a reversal of the case may be summarized as follows:

"1. The court erred in directing a verdict for defendant, because the defendant, by his conduct, in attempting to set out for the plaintiff, as defendant in the attachment suit, personal property to the value of $250 as and for his statutory exemption, and by his notice under the plea of the general issue in this case, is estopped from now claiming that the status of plaintiff was such as not to entitle him to any exemption under the law.

"2. The court erred in directing a verdict for defendant, because under the undisputed evidence in the case the status of plaintiff was such as to entitle him to claim his statutory exemption of $250 in the saloon business."

We think there was no error in the rulings of the circuit judge. The doctrine of estoppel cannot be invoked to change a status made criminal by statute into a lawful

status. It would be contrary to public policy to permit such a result. It was held by the supreme court of Wisconsin, in *Walsch* v. *Call*, 32 Wis. 159, that the statute providing for exemptions must be construed to apply only to a lawful trade or business, and that therefore, the plaintiffs having been engaged in keeping a saloon for the sale of intoxicating liquors without having procured the license required by law, no part of their stock in trade was exempt.

Plaintiff undertakes to distinguish that case from the case at bar by the fact that the business was unlawful from the beginning, whereas in the case before us the business was lawful at the commencement, and plaintiff thereby acquired a legal status as a saloon keeper, and bases his right to recover upon such status. The distinction is not a valid one. The business was as unlawful in the one case as in the other. The exemption applies to the business which is actually being carried on with the property at the time it is claimed, and, if that business is unlawful, the exemption does not attach. In the present case the plaintiff had been carrying on a business for over three months which the law denounced as criminal, and the fact that he had theretofore obeyed the law cannot afford him any protection or immunities over other violators of the law, whose violations may have been more extensive than his.

The judgment is affirmed.

MOORE, C. J., and MCALVAY, GRANT, and OSTRANDER, JJ., concurred.