### CRAVENS, DARGAN & ROBERTS v. McBRAYER. (No. 10673.)*

(Court of Civil Appeals of Texas. Fort Worth. June 30, 1923. Rehearing Denied Oct. 13, 1923.)

Exemptions ⬤⟲47—Books and office furniture of attorney at law not exempt during suspension.

The books and office furniture of an attorney at law, suspended as such for five years, were not, under Rev. St. art. 3788, exempt from execution levied on them, at a time when he did not have the status of an attorney nor was lawfully entitled to practice as such.

Appeal from District Court, Young County; H. R. Wilson, Judge.

Suit for injunction by H. T. McBrayer against Cravens, Dargan & Roberts. Judgment for plaintiff, and defendants appeal. Reversed with orders.

McFarlane & McFarlane, of Graham, for appellants.

John R. Moore, of Archer City, for appellee.

CONNER, C. J. The question presented on this appeal is whether certain books and office furniture claimed by appellee was exempt to him, as he claimed, as a practicing attorney. The trial court held that the property indicated was so exempt, and perpetually enjoined appellants from a sale thereof under an execution levied by them. The court's findings are to the effect that prior to December 5, 1922, appellee was a regular practicing attorney, but that upon that day he was, by the district court of Young county, suspended as such for a period of five years. The levy in question was made on the 5th day of January, 1923, and the court found that it was appellee's intention to resume the practice of law in the state of Texas upon the expiration of the suspension period, and appellee seeks to uphold the judgment on the theory that the involuntary nonuse and abandonment of the property shown does not defeat the exemption. Article 3788, Rev. Statutes, provides that "all tools, apparatus and books belonging to any trade or profession" shall be exempt from attachment, execution, and every other species of forced sale. It has been held, and appellee relies, upon cases of like import, in Nimmo v. Davis, 7 Tex. 26, and Taylor v. Boulware, 17 Tex. 74, 67 Am. Dec. 642, to the effect that when a homestead right has once attached in lots or land that an enforced or involuntary nonuse or abandonment will not destroy the homestead or exempt character of the property.

We are not, however, inclined to apply this principle in this case. On the contrary, we think the question is dependent, not upon the issue of abandonment, but rather upon the status of the appellee as an attorney vel non at the time of the levy in question. To illustrate, it was held in Comstock v. Lomax, 135 S. W. 185, by the San Antonio Court of Civil Appeals (writ of error refused), to the effect that land once a homestead and exempt ceased to become such in favor of the wife after her divorce, with no children, following the case of Bahn v. Starcke, 89 Tex. 203, 34 S. W. 103, 59 Am. St. Rep. 40, by our Supreme Court. In citing these cases, we have not overlooked the holding that a homestead, once acquired and used and occupied as such, continues until death or abandonment of the head of the family. Lacy v. Lockett, 82 Tex. 190, 17 S. W. 916; Hutchenrider v. Smith (Tex. Com. App.) 242 S. W. 204. However, cases of the kind are not thought to be controlling, as the homestead exemption in some respects rests upon different statutes and principles. The exemption of the books, apparatus, etc., used by one in a profession was intended to enable him to work steadily therein and for the protection of the said calling, and if the trade or profession be abandoned the exemption is lost. See Cable v. Hooligan, by the Supreme Court of Minn., 98 Minn. 143, 107

N. W. 967, and Davis v. Wood, 7 Mo. 162; Willis v. Morris, 66 Tex. 628, 1 S. W. 799, 59 Am. Rep. 634. In 2 R. C. L. p. 1111, par. 203, in speaking of the effect of the suspension or disbarment of an attorney at law, the author has this to say, among other things:

"With regard to the effect of suspension or disbarment, it is the general rule that a disbarred attorney can appear in court only in circumstances entitling any layman to appear. His status is the same as of one who has never been admitted to practice. An attorney who has been suspended from the practice of his profession is guilty of contempt of court if he retains upon his office door and stationery the statement that he is an attorney, and consults with clients, makes collections, and does other legal work, the same as before his suspension, except so far as it requires his appearance in court proceedings, although in so doing he acts upon advice of counsel."

In Danforth v. Egan, by the Supreme Court of South Dakota, 23 S. D. 43, 119 N. W. 1021, 139 Am. St. Rep. 1030, 20 Ann. Cas. 418, it was held that an attorney who had been disbarred was not qualified to hold the office of state's attorney within the meaning of the law requiring such official "to be learned in the law."

In McCarthy v. Payne, by the Supreme Court of Michigan, 141 Mich. 571, 104 N. W. 981, 113 Am. St. Rep. 548, it was held that one engaged unlawfully in keeping a saloon for the sale of intoxicating liquors was not entitled to claim a business exemption.

In 4 Cyc. p. 982, it is said that it is generally held that if one acts as an attorney without a proper license from the court he cannot recover by suit his fees for thus acting.

In 25 Corpus Juris, 35, it is said:

"Statutes exempting property to enable a person to carry on his trade or business are not to be construed as exempting property kept or used by a person in carrying on an unlawful trade or business. The trade must be a lawful one, and it must be lawful at the time the exemption is claimed. A trade which, when established, is carried on within the law, but which later is carried on in violation of law, and is unlawful at the time exemption is claimed, is not within the protection of the statute."

Of course, we do not wish to be understood as holding that an attorney at law or other professional man, who by reason of sickness or other lawful cause temporarily ceases the practice of his profession, and ceases to use the books and apparatus pertaining thereto is not entitled to the exemption specified in the statute. But in all such cases the right to practice exists, and he may, without offense or penalty of the law, practice his profession and use his books and apparatus that pertains thereto; but in the case before us appellee, at the time of the levy in question, did not have the status of an attorney at law, and was not lawfully entitled to practice as such, and it cannot be said with certainty, from the facts as presented in this record, that he will ever be able to lawfully do so.

We accordingly hold, regardless of other attacks made upon the judgment, that the court erred in perpetuating the injunction in this case, because of which error the judgment will be reversed and the writs of injunction, both temporary and permanent, vacated and set aside, and it will be so adjudged, with orders that our judgment be certified below for observance, and for such further writs or proceedings in behalf of appellants as they may be entitled to.'