Clarice **MIDDLEMAS** et al., Plaintiffs in Error,

v.

Clint M. **WRIGHT**, Defendant in Error.

No. 6299.

Court of Civil Appeals of Texas, El Paso.

March 21, 1973.

Crenshaw, Dupree & Milam, Cecil Kuhne, Lubbock, for defendants-appellants.

Logan, Steib, Lewis, Middlebrook & Symes, Curt F. Steib, San Angelo, Perkins & Kirwan, M. J. Kirwan, Jr., Midland, for appellee.

## OPINION

WARD, Justice.

Five of the sixteen named defendants below appeal by writ of error from a declaratory judgment rendered against them as the result of a non-jury trial in which neither they nor their attorneys actually participated although the attorneys had filed an answer for them. The trial Court judgment declared that a mineral deed by which the plaintiff, Clint M. Wright, claimed the minerals to a certain section of land was valid and superior to a prior deed from the common grantor by which the claim of the defendants was made. The

judgment of the trial Court is reversed and remanded.

The plaintiff's suit sought to establish the validity of a deed dated May 24, 1971, from Willie Irene Scott to the plaintiff, conveying the mineral interest of the grantor in Section 51, *Block H, Dallas and Wichita Railway Company Survey,* of Gaines County, and determining that the deed conveyed to the plaintiff all of the interest owned by Willie Irene Scott in said Section 51. The plaintiff alleged that there existed a deed dated February 10, 1971, from Willie Irene Scott to Clarice Middlemas and the other defendants made parties to this suit which purportedly conveyed all of the mineral interest of the said grantor in Section 51, *Block C-31,* in Gaines County; it was alleged that a question had arisen as to whether the deed dated February 10 was intended to cover Section 51, Block H, Dallas and Wichita Railway Company Survey, and, if so, whether the deed of May 24 to Clint M. Wright was valid and conveyed all of the interest owned by Willie Irene Scott in Section 51, Block H, Dallas and Wichita Railway Company Survey, on and after February 10, 1971.

An answer was filed to this suit on behalf of all of the defendants by one firm of attorneys. This firm then filed an application to withdraw as attorneys on December 7, 1971. The motion to withdraw was granted by the trial Court by order entered December 21, 1971. The case proceeded to trial in the absence of any of the defendants or of any attorney representing them and final judgment was entered in favor of the plaintiff on January 4, 1972.

In this regard, and by their last point, the defendants-appellants complain that the Court erred in trying the case and in rendering the judgment without any notice to them of any setting of the case for trial on January 4, particularly in view of the fact that the record does not reflect that they were ever notified of the application to withdraw or of the Court's order granting the application. The record in this case consists of both the transcript and a statement of facts, and is silent regarding any notification to the appellants of either the application of the attorneys to withdraw or of the Court's order granting the application. The statement of facts and the judgment positively reflect that they were not present during the trial and that they did not participate in the trial either personally or by counsel. When questioned by the Court as to the absence of the appellants or their counsel, the following admission was made by the attorney for the plaintiff:

"They had a lawyer from East Texas who withdrew from the case. I notified him of this hearing even though he had withdrawn so that he could notify the people that he did represent. I never heard anything from him."

■ Having qualified to proceed by writ of error, the appellants are entitled to a full review to the same extent as on a direct appeal. The remedy brings before the appellate Court the whole case for the revision of errors properly assigned, and it is not necessary that appellants excuse their failure to defend the case in the trial Court or to show that they have a meritorious defense. Roberts v. Mullen, 417 S. W.2d 74 (Tex.Civ.App.—Dallas 1967), aff'd 423 S.W.2d 576 (Tex.Sup.1968); Fitz v. Toungate, 419 S.W.2d 708 (Tex. Civ.App.—Austin 1967, writ ref'd n. r. e.); Appellate Procedure in Texas, Sec. 5.1 (1964).

■ In the light of these rules, we are of the opinion that the record presented to us compels a remand. We take judicial notice of the rules of practice of the District Court of Gaines County. McCormick and Ray, Texas Law of Evidence, Vol. 1, Sec. 184. These rules provide that an attorney filing a motion to withdraw from a case should embody therein the statement that the client has been notified and giving the address of the client. The rule then provides that this is to enable the Court to notify the client direct of any set-

ting. The rule regarding certificate of service and furnishing addresses was not complied with, nor from the questions asked by the Court does it appear that he was able to notify the defendants. While such a rule is directory rather than mandatory, it seems that its violation in this instance on the face of this record led to a misunderstanding whereby the attorneys for the appellants were not notified by the plaintiff's counsel of the setting until after the Court had permitted the withdrawal. Notice to those who were formerly agents then did not constitute notice to the former principals. See Curtis v. Carey, 393 S.W. 2d 185 (Tex.Civ.App.—Corpus Christi 1965, no writ). While we do not have the violation of a local rule requiring a given number of days written notice of a setting which has been held to raise a due process violation, Jackson v. Napier, 307 S.W.2d 833 (Tex.Civ.App.—Fort Worth 1957, no writ) the appellants were deprived of a representation at the trial that they were entitled to and this requires us to sustain the appellants' point. Lowe v. City of Arlington, 453 S.W.2d 379 (Tex.Civ.App.— Fort Worth 1970, writ ref'd n. r. e.); Box v. Associates Investment Company, 352 S. W.2d 315 (Tex.Civ.App.—Dallas 1961, no writ). While the appellee does not agree with our interpretation of the record, he openly agrees that if no notice was properly given, then the judgment was improperly granted.

■ The appellants present no evidence points that the trial Court erred in rendering judgment that the appellee's deed was valid and conveyed to him all of the mineral interest owned by the grantor in Section 51, Block H, Dallas and Wichita Railway Company Survey, and that the deed of February 10 was of no validity insofar as it might cover or have been intended to cover that same section of land. Primarily, the appellants argue that there was no evidence offered to establish that their deed was not intended to cover that section as no evidence was offered to show that it was not the result of a mutual mistake between the grantor and grantees on February 10. The appellee brought this suit to determine whether his deed was valid under the authority of the declaratory judgment statute, Article 2524–1, Vernon's Ann.Tex.Civ.St., Sec. 2. The burden for the reformation of the appellants' deed because of mutual mistake would be upon them and not upon the appellee. It was immaterial to the appellee whether or not the appellants ever had their deed reformed as the appellee maintained he was a bona fide purchaser for value without notice of the existence of the February 10 deed. As to this argument by the appellee, the appellants insist that there was no evidence that the transaction on May 24 was ever consummated as no payment of the agreed consideration was shown. The facts, undisputed, show that the appellee, Clint M. Wright, had been dealing with Willie Irene Scott for a considerable period of time trying to buy the mineral interest under the belief that she was the owner. It is shown that she finally agreed to sell and, on May 24, she delivered to the appellee his deed and he in turn delivered to her his personal check for the agreed consideration of $7,500.00. A notary public testified to taking the acknowledgment of the grantor and that the check was given as payment for the deed. The record shows that Clint M. Wright did not know of the existence of the mineral deed to the appellants at the time of the transaction of May 24 and that at that time the mineral deed to the appellants had not been recorded. Though the check was taken by the grantor, it was never presented for payment prior to the death of the grantor which occurred before this trial. Prior to her death, Willie Irene Scott never complained of the fact that she had been paid by check. Payment of the check was never stopped and upon the trial $7,500.00 was tendered into court for disbursement to the proper parties.

■ A bona fide purchaser is defined as a purchaser in good faith of real property for a valuable consideration and without

actual or constructive notice of an outstanding equity or an adverse interest or title. 59 Tex.Jur.2d Sec. 738, p. 259. The consideration essential to support a bona fide purchase may consist in the giving or transfer of a negotiable instrument to the vendor. 59 Tex.Jur.2d Sec. 740, p. 263. The ordinary form of personal check is a negotiable instrument. Tex.Bus & Comm. Code Ann. Sec. 3.104, V.T.C.A. The delivery of the check under these circumstances was sufficient. The no evidence points are overruled.

In view of a remand and a new trial, we will not discuss the insufficient evidence points. The judgment of the trial Court is reversed and the cause is remanded.