Henry LANGDALE, Appellant,

v.

Alfred P. VILLAMIL, III, Appellee.

No. B14–90–00920–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

June 27, 1991.

G. Ernest Caldwell, Galveston, for appellant.

Charles F. Browning, Christopher Bradshaw–Hull, Houston, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

JUNELL, Justice.

In this appeal by petition for writ of error appellant contends the trial court erred in granting appellee post answer default judgment by: (1) proceeding to trial without notice to appellant; (2) proceeding to trial upon a pleading not noticed; and (3) deeming as admitted appellee's requests for admission not noticed. The issue of notice is fundamental to our consideration of all three points; therefore, we consider them simultaneously. We determine that appellant never received notice of trial, amended pleadings or request for admissions and, accordingly, reverse and remand for trial on the merits.

The underlying case commenced on March 29, 1989, when appellee, plaintiff below, filed his original petition, alleging damages for assault and battery. Appellant was served with citation on April 5, 1989, and employed attorney E. Neil Lane to represent him in defense of the matter. Lane answered by general denial on April 27, 1989. On May 30, 1989, Lane was disbarred and removed from practice as an attorney at law in the State of Texas by judgment rendered in the 280th District

Court of Harris County, Cause No. 13619, and recorded in the official records of that court at Volume 4825, Page 0885.

The record reveals that on September 22, 1989, appellee filed an amended original petition and request for admissions. The attached certificates of service indicate that he attempted service on "opposing counsel", sending the pleadings by certified mail to counsel's "last known address". The record also contains a request for trial setting sent to the court on April 9, 1990, and a certified letter from plaintiff's attorney, dated May 11, 1990, addressed to E. Neil Lane and advising him of a trial setting for May 16, 1990.

The default judgment in this case recites that trial was held on May 16, that appellant was duly notified but did not appear and that the court awarded $20,000.00 in actual and punitive damages, together with interest in the amount of $852.14. The record indicates service of the judgment to E. Neil Lane on June 4, 1990. The record does not indicate service of any pleading, request for admissions or notice of trial setting to defendant or his authorized agent.

■ The four elements necessary for review by writ of error are: (1) the petition must be brought within six months of the date of judgment; (2) by a party to the suit; (3) who did not participate at trial; and (4) error must be apparent from the face of the record. *Stubbs v. Stubbs*, 685 S.W.2d 643, 644 (Tex.1985); *Brown v. McLennan Co. Children's Protective Services*, 627 S.W.2d 390, 392 (Tex.1982). The only issue for our consideration is whether error appears on the face of the record which invalidates the judgment of the trial court. We note at the outset that an appellant who alleges error apparent on the face of the record in a case involving the *absence* of notice carries a heavy burden, for the record will be barren of affirmative proof of the error claimed. We draw guidance from the holding in *Texaco, Inc. v. McEwen*, 356 S.W.2d 809 (Tex.Civ.App.—Dallas 1962, writ ref'd n.r.e.), in which that appellate court found it unnecessary for the record to *present* affirmative evidence

of defect when the grounds for reversal consisted of an *omission* of the facts necessary to prove compliance with the rules of service. *Id.* at 814.

■ The purpose of the rules relating to service and notice is to assure that all parties to a suit are notified of the date and time for which the court has set the matter for determination. This is to insure that parties, individually or by counsel, may appear to present their side of the dispute and protect their interests in the fashion deemed appropriate by the trial court. The entire scheme of service and notice is incidental to the main purpose of obtaining the appearance of the parties and their meaningful participation in the proceedings. Where parties or their attorneys fail to appear, their rights may be affected and a close examination of the technical aspects of the rules and their operation must be undertaken. *Hill v. W.E. Brittain, Inc.*, 405 S.W.2d 803, 807 (Tex.Civ.App.—Fort Worth 1966, no writ); *See Netherland v. Wittner*, 662 S.W.2d 786, 787–88 (Tex. App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.)

■ In an appeal that directly attacks a default judgment, this court does not indulge the usual presumptions of validity in support of that judgment. *McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex.1965); *Allied Bank of Dallas v. Pleasant Homes, Inc.*, 757 S.W.2d 460, 463 (Tex.App.—Dallas 1988), *writ denied*, 776 S.W.2d 153 (Tex.1989); *Humphrey Co., Inc., v. Lowry Water Wells*, 709 S.W.2d 310, 311 (Tex. App.—Houston [14th Dist.] 1986, no writ). Although the judgment in the record now before us recites proper notice to appellant, we find the recitation to be erroneous in that appellant was never duly apprised of the trial setting, nor did he receive proper notice of the amended pleading or request for admissions.

## JUDICIAL NOTICE

■ Appellant has requested that this court take judicial notice of the judgment of disbarment against E. Neil Lane, signed May 30, 1989. The record does not contain

this document but the judgment is a matter of public record. As such, it is capable of accurate and ready determination by resort to a source whose accuracy cannot be reasonably questioned. TEX.R.CIV.EVID. 201(b). Courts may take judicial notice, whether requested by a party or on their own, at any stage of the proceedings. TEX. R.CIV.EVID. 201(c), (f).

■ Matters of public record, such as local rules governing representation by counsel, their withdrawal and proper notice to clients are proper subjects for an appellate court to notice. *Middlemas v. Wright*, 493 S.W.2d 282, 284–85 (Tex.Civ.App.—El Paso 1973, no writ). It is unquestioned that an appellate court may take notice of facts not noticed by a trial court. *Harper v. Killion*, 162 Tex. 481, 348 S.W.2d 521 (1961). Indeed, an appellate court may take judicial notice of whether an attorney holds a license to practice law in Texas. *Hunnicutt v. State*, 531 S.W.2d 618, 623 (Tex.Crim.App.1976); *Devereaux v. Daube*, 185 S.W.2d 211, 213 (Tex.Civ.App.—Fort Worth 1945, no writ). Texas appellate courts have even consulted the Texas Legal Directory to verify an attorney's practice within this jurisdiction. *Maddox v. State*, 591 S.W.2d 898, 900 (Tex.Crim.App.1979), *cert. denied*, 447 U.S. 909, 100 S.Ct. 2994, 64 L.Ed.2d 859.

■ There is no requirement that in order for judicial notice of domestic judgments to be taken, a party must offer the document sought to be noticed pursuant to the rules of evidence. *Fender v. St. Louis Southwestern Railway Co.*, 513 S.W.2d 131, 134 (Tex.Civ.App.—Dallas 1974, writ ref'd n.r.e.), *cert. denied*, 421 U.S. 913, 95 S.Ct. 1569, 43 L.Ed.2d 778. Once judicially noticed, the undisputed fact becomes a matter of law. *Kennedy v. General Geophysical Co.*, 213 S.W.2d 707, 710 (Tex.Civ. App.—Galveston 1948, writ ref'd n.r.e.). We take judicial notice of the subject judgment and hold that, as a matter of law, E. Neil Lane ceased to be a licensed attorney in Texas on May 30, 1989, and that the attorney-client relationship between Lane and appellant terminated on that date.

## EFFECT OF DISBARMENT

■ The effect of disbarment upon an attorney at law is to render him the same status as one who has never been admitted to the practice of law. *Cravens, Dargan & Roberts v. McBrayer*, 255 S.W. 994, 995 (Tex.Civ.App.—Fort Worth 1923), *rev'd on other grounds*, 265 S.W. 694 (Tex. Comm'n App.1924, judgm't adopted). Lane was no longer an attorney after May 30, 1989. His disbarment had the effect of abandonment of his client and terminated the attorney-client relationship. *Royden v. Ardoin*, 160 Tex. 338, 331 S.W.2d 206, 209 (1960).

■ Notice acquired by the attorney after the termination of the attorney-client relationship will not be imputed to the former client. *Beck v. Avondino*, 20 Tex.Civ. App. 330, 50 S.W. 207, 209 (Tex.Civ.App. 1899, no writ); *See Schlottmann v. Wiese*, 86 S.W.2d 44, 49 (Tex.Civ.App.—Galveston 1935, writ dism'd) (and cases cited therein). The attorney-client relationship is one of agent and principal. Where the agent abandons his office before conclusion of the proceedings, any knowledge possessed by the agent cannot be imputed to the principal. *Lynch v. McKee*, 214 S.W. 484, 485 (Tex.Civ.App.—Dallas 1919, writ dism'd w.o.j.). Where notice of a scheduled court appearance is sent to one who is not a party's attorney of record, the result is denial of due process of law for want of service of notice. *Ex Parte Harwell*, 538 S.W.2d 667, 670 (Tex.Civ.App.—Waco 1976, no writ). From our analysis we conclude that any notice recieved by Lane after May 30, 1989, could not be imputed to appellant and was ineffective to apprise him of the proceedings, with the result that appellant was denied due process of law. *See Middlemas v. Wright*, 493 S.W.2d 282, 285.

## RULES OF NOTICE

Former TEX.R.CIV.P. 245 [1] provided that the court might set contested cases for trial on the motion of any party, with reasonable notice of not less than ten days *to*

---

1. TEX.R.CIV.P. 245 (1976), amended April 24, 1990 and effective September 1, 1990.

*the parties.* Former Tex.R.Civ.P. 21a[2] provided that all notices, other than citation, might be served by delivering a copy of the notice or document to the *party,* his *duly authorized agent,* or his *attorney of record.* *See P. Bosco & Sons Contracting Corp. v. Conley, Lott, Nichols Machinery Co.,* 629 S.W.2d 142, 143–44 (Tex.App.—Dallas 1982, writ ref'd n.r.e.).

 Failure to comply with the rules of notice in a contested case deprives a party of his constitutional right to be present at the hearing, to voice his objections in an appropriate manner, and results in a violation of fundamental due process. *Armstrong v. Manzo,* 380 U.S. 545, 550, 85 S.Ct. 1187, 1190, 14 L.Ed.2d 62 (1965). The record now under scrutiny reveals only that appellee's attorney sent a copy of an amended petition and request for admissions to "opposing counsel". Notice of the requested trial setting was sent to E. Neil Lane, an individual who was not appellant's attorney of record. The record is barren of any evidence of notice delivered to appellant or his authorized agent and so we hold that appellant never received such notice.

 The recitations of the default judgment provide prima facie evidence of proper notice but cannot be accepted as true when rebutted by evidence in the record and the facts judicially noticed by this court. *See Cliff v. Huggins,* 724 S.W.2d 778, 780 (Tex.1987); *Bloom v. Bloom,* 767 S.W.2d 463, 466 (Tex.App.—San Antonio 1989, writ denied); *Wilson v. Industrial Leasing Corp.,* 689 S.W.2d 496, 497 (Tex. App.—Houston [1st Dist.] 1985, no writ); *Bosco v. Conley, Lott, Nichols Machinery Co.,* 629 S.W.2d 142, 143. Appellant claims in his brief that he never received notice as required under former Tex.R.Civ.P. 21a. His contention is uncontroverted by appellee, and so we accept it as true. *Redman v. Bennett,* 401 S.W.2d 891, 896 (Tex.Civ. App.—Tyler 1966, no writ).

## DUE PROCESS

 We have held before that once a defendant has made an appearance in a cause, he is entitled to notice of the trial setting as a matter of due process. *Vining*

*v. Vining,* 782 S.W.2d 261, 262 (Tex.App.—Houston [14th Dist.] 1989, no writ), citing *LBL Oil Co. v. Int'l Power Services, Inc.,* 777 S.W.2d 390 (Tex.1989). Without any indication in the record now before us that appellant received actual notice or that notice was attempted in accordance with Rule 21a, we cannot find compliance by the trial court with the requirements of Rule 245. A fundamental element of due process is adequate and reasonable notice of proceedings. *Chow v. Dole,* 677 S.W.2d 220, 221 (Tex.App.—Houston [1st Dist.] 1984, no writ), citing *Mexia Indep. School Dist. v. City of Mexia,* 134 Tex. 95, 133 S.W.2d 118 (1939).

The holding of this court places us in disagreement with the Corpus Christi Court of Appeals holding in *Prihoda v. Marek,* 797 S.W.2d 170 (Tex.App.—Corpus Christi 1990, writ denied). *Prihoda* is distinguishable on the grounds that the record in that case was wholly silent as to notice, whereas we have concluded the case now before us demonstrates error on the face of the record. However, the *Prihoda* Court held that notice of trial setting is not jurisdictional, and therefore the rule that proof of service must affirmatively appear in the record does not extend to notice of trial setting. We believe this does mischief to the constitutional guaranties of fair notice and an opportunity to be present at the determination of the case. Therefore, we respectfully disagree. *See Peralta v. Heights Medical Center, Inc.,* 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988); *Armstrong v. Manzo,* 85 S.Ct. 1187, *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313, 70 S.Ct. 652, 656, 94 L.Ed. 865 (1950); *LBL Oil Co. v. Int'l Power Services, Inc.,* 777 S.W.2d 390; *Lopez v. Lopez,* 757 S.W.2d 721 (Tex.1988).

The judgment of the trial court is reversed and remanded for trial on the merits.

**2.** Tex.R.Civ.P. 21a (1976), amended April 24, 1990 and effective September 1, 1990.