*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

## MEMORANDUM OPINION

No. 04-08-00188-CV

Otto A. **KOEHLER** III
Appellant

v.

Fred **YORK**,
Appellee

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2005-CI-17542
Honorable Andy Mireles, Judge Presiding

Opinion by:   Karen Angelini, Justice

Sitting:   Catherine Stone, Chief Justice
Karen Angelini, Justice
Phylis J. Speedlin, Justice

Delivered and Filed:   April 22, 2009

REVERSED AND REMANDED

Otto Andrew Koehler III appeals from the trial court's grant of summary judgment. Because

Koehler was denied due process, we reverse and remand.

Koehler is presently incarcerated and was incarcerated during the pendency of this litigation.

On November 2, 2005, he filed a pro se petition, alleging that Fred York, the appointed guardian ad

litem of his estate, was negligent in the administration of the estate. On January 4, 2006, Koehler's

attorney filed a notice of appearance and a first amended petition. On February 3, 2006, York

answered the lawsuit. Then, on November 16, 2007, the trial court clerk sent a notice to York, Koehler's attorney, and Koehler personally that Koehler's case had been set on the dismissal docket for failure to prosecute and that a hearing was set for February 5, 2008. On January 9, 2008, York filed a no-evidence motion for summary judgment, which he set for hearing on February 4, 2008. The certificate of service indicated that York served the motion on Koehler's attorney.

On January 14, 2008, Koehler filed a verified pro se "Motion for Return of Plaintiff's Legal Property" and, on January 30, 2008, a verified pro se motion for continuance. He also attached an affidavit in support of his motion for continuance. In his motions and supporting evidence, Koehler stated that he received the trial court's notice of setting on the dismissal docket and that the notification was addressed to him as "Otto Andrew Koehler III, propria persona." Koehler stated that he believed that he was not proceeding pro se and had an attorney of record. However, Koehler explained that he had never received any notice from his attorney that he had withdrawn from Koehler's case. Nor had Koehler received an order from the trial court allowing his attorney to withdraw.[1] Nevertheless, Koehler stated that he believed his counsel had "effectively abandoned him in this action" and thus was firing his attorney.[2] Koehler asked the trial court for a continuance[3] so that he could retrieve his legal papers and find new counsel. He also asked the trial court to order his former attorney to return his legal papers and set the trial on the merits for July.

---

[1] Indeed, the record does not show that Koehler's attorney ever filed a motion to withdraw or was allowed to withdraw by the trial court. It is, therefore, unclear why the trial court clerk sent the notice to Koehler personally.

[2] Koehler also attached to his motion a letter sent to his attorney that terminated the attorney-client relationship.

[3] In asking for a continuance, Koehler was responding to the notice of setting on the dismissal docket, not the no-evidence motion for summary judgment.

The docket sheet in the record indicates that on January 30, 2006, Koehler's motion for continuance was set "per staff attorney" for a hearing on February 4, 2008. In his brief, Koehler claims that he did not receive notice of this setting until February 6, 2008, two days after the hearing occurred. York does not challenge this factual assertion. *See* TEX. R. APP. P. 38.1(g).

On February 4, 2008, the trial court granted York's no-evidence motion for summary judgment. The judgment recites that Koehler did not appear in person or by attorney and that no response to York's motion was filed.[4] It makes no mention of Koehler's motions.[5]

Koehler appeals, arguing that he was denied due process. We agree.

York argues that Koehler never responded to his no-evidence motion for summary judgment and that service of that motion was properly sent to Koehler's attorney. However, before the summary judgment hearing, Koehler notified both York and the trial court that his attorney had abandoned his case. "The purpose of the rules relating to service and notice is to assure that all parties to a suit are notified of the date and time for which the court has set the matter for determination." *Langdale v. Villamil*, 813 S.W.2d 187, 189 (Tex. App.—Houston [14th Dist.] 1991, no writ). "This is to insure that parties, individually or by counsel, may appear to present their side of the dispute and protect their interests in the fashion deemed appropriate by the trial court." *Id.* "The entire scheme of service and notice is incidental to the main purpose of obtaining the appearance of the parties and their meaningful participation in the proceedings." *Id.* "Where parties

---

[4] In his motions, Koehler informed both York and the trial court that because his attorney had abandoned him, he had sent his attorney a letter officially terminating the attorney-client relationship. Thus, at the time of the summary judgment hearing, Koehler's attorney no longer represented Koehler and could not ethically appear at the hearing on behalf of Koehler.

[5] The judgment, however, does state that it "fully and finally disposes of all parties and all claims and is appealable."

or their attorneys fail to appear, their rights may be affected and a close examination of the technical aspects of the rules and their operation must be undertaken." *Id.*

Further, the "attorney-client relationship is one of agent and principal." *Id* at 190. "Where the agent abandons his office before conclusion of the proceedings, any knowledge possessed by the agent cannot be imputed to the principal." *Id.*; *see also Lynch v. McKee*, 214 S.W. 484, 485 (Tex. Civ. App.—Dallas 1919, writ dism'd w.o.j.) ("In such cases, that is, where the agent abandons his agency before concluding the matter undertaken and it is consummated through the agency of another, his knowledge, as we understand the rule, is not to be imputed to the principal.").

Here, before the summary judgment hearing, Koehler notified York and the trial court that his lawyer was not communicating with him and had abandoned him, and that he was actively seeking new counsel and the return of his legal documents. At that point, York and the trial court were made aware that Koehler's attorney had abandoned him and that service on Koehler's attorney could not be imputed to Koehler. We, therefore, hold that Koehler was denied due process because notice acquired by Koehler's attorney could not be imputed to Koehler and was ineffective to apprise Koehler of the summary judgment proceeding. *See Langdale*, 813 S.W.2d at 190.

We reverse the trial court's judgment and remand the cause for further proceedings consistent with this opinion.

Karen Angelini, Justice