ACCEPTED
03-15-00262-CV
7698756
THIRD COURT OF APPEALS
AUSTIN, TEXAS
11/5/2015 11:49:41 AM
JEFFREY D. KYLE
CLERK

No. 03-15-00262-CV

_____

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AT AUSTIN

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
11/5/2015 11:49:41 AM
JEFFREY D. KYLE
Clerk

_____

**TEXAS ASSOCIATION OF ACUPUNCTURE
AND ORIENTAL MEDICINE,**
*Appellant*,
**v.**
**TEXAS BOARD OF CHIROPRACTIC EXAMINERS AND
YVETTE YARBROUGH, EXECUTIVE DIRECTOR
IN HER OFFICIAL CAPACITY,**
*Appellees*.

_____

On Appeal from the 201st Judicial District Court Of Travis County, Texas
Cause No. D-1-GN-14-000355

_____

**BOARD'S REPLY TO ACUPUNCTURE ASSOCIATION'S
RESPONSE TO THE BOARD'S MOTION TO STRIKE**

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil
Litigation

DAVID A. TALBOT, JR.
Chief, Administrative Law Division

JOE H. THRASH
Assistant Attorney General
State Bar No. 19995500
Administrative Law Division
OFFICE OF THE ATTORNEY GENERAL OF
TEXAS
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-4203
Facsimile: (512) 320-0167
Joe.Thrash@texasattorneygeneral.gov

ATTORNEYS FOR APPELLEES

**BOARD'S REPLY TO ACUPUNCTURE ASSOCIATION'S
RESPONSE TO THE BOARD'S MOTION TO STRIKE**

The Texas Association of Acupuncture and Oriental Medicine ("TAAOM") offers two justifications for its violation of Tex. R. App. P. 34.1 in its Response to the Motion to Strike; neither avails. First, disclaiming any intent to supply evidence that it failed to offer at the trial court level, TAAOM opines that citation of websites in briefs is common practice and "one that the Office of the Attorney General routinely follows." Then, in an apparent about-face, TAAOM asks that the Court take judicial notice of the cited material.

The "everybody does it" excuse does not work with most parents of teenagers, and should not work with this Court. The fact that people frequently run red lights does not make the conduct legal. The question is not whether another attorney in a different case cited a Court to information it can find on-line for that other lawyer's purpose in another suit. The question is whether these lawyers may permissibly cite evidence outside the record they made at the trial court for the purpose of filling evidentiary holes in that record.

Next, tacitly admitting that the information that they want the Court to consider is evidentiary in nature, TAAOM asserts that the Court may take judicial notice of the material. *See* Response at 3. Although Rule 201(b) does permit a court to take judicial notice "of a *fact* that is not subject to reasonable dispute" because it can be accurately and readily determined from "sources whose accuracy cannot

2

reasonably be questioned," it does not permit an appealing party to bring new evidence to the Court to create a dispute about a material fact that did not exist when the trial court granted summary judgment. Tex. R. Evid. 201(b) (emphasis added).

Furthermore, TAAOM misapplies Rule 201(b). Rather than asserting that the facts stated on the website are "not subject to reasonable dispute" because of the unquestionable accuracy of those sources, TAAOM argues that "it cannot reasonably be questioned that these internet websites *say what they say*." *Id*. (emphasis added). This is an attempt to shift the Court's attention away from the accuracy of the website's content to the accuracy of the website's transcription of content. Judicial notice is usually applied to documents such as highway names and geographic designations within the court's jurisdiction or matters of public record. *Apostolic Ch. v. American Honda Motor Co.*, 833 S.W.2d 553, 555-56 (Tex. App.—Tyler 1992, writ denied); *Langdale v. Villamil*, 813 S.W.2d 187, 190 (Tex. App.—Houston [14th Dist.] 1991, no writ). An examination of the websites TAAOM cites will establish that they do not have the reliability that would allow the Court to take judicial notice of their content.

The first information to which the Board objects best illustrates the fallacy of TAAOM's claim. In footnote 29 and again in footnote 36, TAAOM cites the recording of a hearing held by the Board concerning acupuncture as practiced by chiropractors. (https://www.tbce.state.tx.us/Hearings/Acupuncture20120711.MP3).

3

No part of the recording of this hearing was introduced at the trial court. TAAOM asserts that the Executive Director of the Board made a statement against interest during the hearing in this footnote. TAAOM Brief at 21. It is the truth of this statement that is at issue here, not whether the recording of the hearing was accurate. No part of the recording of an oral hearing could meet the standard of "sources whose accuracy may not reasonably be questioned." *Id*. This is a blatant attempt to introduce evidence into the appellate record that was not a part of the trial court record.

Other documents included in TAAOM's Brief without reference to the record are not primarily websites of accrediting bodies as TAAOM states in its response. TAAOM Response at 3. The citations are primarily to college catalogs of both acupuncture colleges and chiropractic colleges. Board's Motion to Strike at 2-3. This Court is asked not only to accept that the documents are correct, but also that the various schools actually conform to the stated course offerings and curriculum. The Court has no basis to accept that the accuracy "may not reasonably be questioned." Tex. R. Evid. 201(b).

The documents relate to TAAOM's argument that chiropractic education is inadequate to prepare chiropractors to practice acupuncture in a safe and effective manner. Yet, this issue is not properly before the Court in this appeal. As noted at length in the Board's Brief, this issue could be determined only after a factual

determination, not on summary judgment. The trial court's decision in this case is based on statutory construction. Thus, the documents are not relevant to the determination of this Court whether or not the summary judgment was properly granted. Rule 201 applies only to adjudicative facts, those that apply to the determination of the specific case. *Emerson v. State*, 880 S.W.2d 759, 764 (Tex. Crim. App. 1994). Here, global questions about comparative educational requirements of the two types of colleges are legislative facts and not subject to Rule 201. *Id*. Thus, the determination of whether the Court should take notice of the facts alleged by TAAOM is discretionary rather than mandatory under Rule 201. *Id*. at 765. Since the issue is not determinative to this appeal, the Court should reject TAAOM's request that the Court take notice of these documents.

## PRAYER

The Board asks the Court to grant the Board's Motion to Strike and not consider the documents TAAOM has cited or any argument based on them.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

5

DAVID A. TALBOT, JR.
Chief, Administrative Law Division

*/s/ Joe H. Thrash*
JOE H. THRASH
Bar No. 19995500
Assistant Attorney General
Administrative Law Division
P. O. Box 12548, Capitol Station
Austin, Texas  78711-2548
Telephone:  (512) 475-4203
Facsimile:    (512) 320-0167
Joe.thrash@texasattorneygeneral.gov
ATTORNEYS FOR APPELLEES

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing Appellees' Brief was served via e serve and/or e-mail on this the 5th day of November, 2015 to the following:

Craig T. Enoch                                    Via electronic service and/or email
ENOCH KEVER PLLC
600 Congress Avenue
Suite 2800
Austin, Texas  78701
cenoch@enochkever.com
Melissa A. Lorber
mlorber@enochkever.com
Shelby O'Brien
sobrien@enochkever.com
Telephone: (512) 615-1200
Facsimile:  (512) 615-1198
Attorneys for Appellant Texas Association of
Acupuncture and Oriental Medicine

/s/ Joe H. Thrash
JOE H. THRASH
Assistant Attorney General

6