# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-23-00242-CV

---

**St. George Affordable Auto, LLC d/b/a Skyline Motors, Appellant**

**v.**

**Texas Department of Motor Vehicles; Daniel Avitia, in His Official Capacity, Executive Director; and Monique Johnston, in Her Official Capacity, Director, Motor Vehicle Division, Appellees**

---

### FROM THE 98TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-22-003964, THE HONORABLE JAN SOIFER, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

St. George Affordable Auto, LLC d/b/a Skyline Motors (Skyline) appeals from the trial court's denial of its petition for review of a final order of the Texas Department of Motor Vehicles (TxDMV) revoking its independent motor-vehicle dealer license. For the following reasons, we will affirm.

## BACKGROUND

In September 2021, TxDMV issued a Notice of Department Decision (NODD) to Skyline, alleging twenty-seven violations and seeking a civil penalty of $25,000 and the revocation of Skyline's independent motor-vehicle dealer license. *See* Tex. Occ. Code § 2301.651 (providing for denial, revocation, or suspension of dealer license). Skyline, proceeding pro se, timely requested an administrative hearing and began settlement negotiations

with TxDMV's enforcement division. The hearing was first set for December 9, 2021, before an administrative law judge (ALJ) at the State Office of Administrative Hearings (SOAH) and docketed as SOAH matter NO.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.ENF.

Three days before the hearing, TxDMV filed a motion for continuance to pursue further negotiations, representing that Skyline agreed to a continuance. The ALJ granted the motion in an order (ALJ Order 1) resetting the hearing for February 10, 2022—the date requested in the motion. On that date, TxDMV filed another motion for continuance to pursue further settlement negotiations, again representing that Skyline had agreed, and the ALJ granted that continuance in an order (ALJ Order 2) resetting the hearing to March 10, 2022.[1] TxDMV requested a continuance for a third time on March 6, again representing that Skyline agreed, seeking that the hearing be continued to May 12. The ALJ granted that motion in an order (ALJ Order 3) resetting the hearing for 10 a.m. on May 12, 2022. ALJ Order 3 specified the dial-in instructions for the teleconference hearing. At the bottom of each motion for continuance, TxDMV certified that a copy of the motion had been forwarded to Skyline in accordance with applicable rules.

Skyline did not appear at the May 12 hearing, and the same day TxDMV filed a motion to dismiss based on Skyline's failure to appear. It attached the following evidence to its motion: a copy of the notice of hearing for the original December 9, 2021 hearing; an internal "Salesforce" document showing that a "NOH" was mailed—certified, return-receipt requested—to Skyline on November 18, 2021; and a copy of ALJ Order 3 resetting the hearing for May 12,

---

[1] TxDMV had requested a continuance to April 14, and it is not clear from the record why the ALJ granted the continuance to March 10 instead.

2022.[2] The ALJ granted TxDMV's motion to dismiss in its Order No. 4 (Dismissal Order) based on Skyline's failure to appear at the May 12 hearing. The Dismissal Order stated that the exhibits attached to TxDMV's motion showed proof of adequate notice to Skyline and that the factual allegations in the notice of hearing and documents incorporated therein were deemed admitted. *See* 1 Tex. Admin. Code § 155.501(d)(1). It stated that Skyline could file a motion to set aside the default dismissal within fifteen days and if it did not, the case would be remanded to TxDMV "for informal disposition on a default basis in accordance with the Administrative Procedure Act [APA]." *See* Tex. Gov't Code § 2001.056; 43 Tex. Admin. Code § 215.308(d). Skyline did not file a motion to set aside, and thereafter, TxDMV entered a final order revoking Skyline's license and assessing a $25,000 administrative penalty. In its final order, TxDMV found that Skyline received proper notice of the May 12 hearing and failed to appear.

Skyline timely filed with TxDMV a motion for rehearing. It represented in its motion that it did not receive notice of the May 12 hearing, but the motion was not verified or supported by affidavit.[3] TxDMV denied the motion for rehearing in an order stating that Skyline did not comply with Section 2001.146(g) of the Government Code. *See* Tex. Gov't Code § 2001.146(g) (requiring motion for rehearing to identify which findings or conclusions

[2] Although TxDMV did not also attach copies of ALJ Orders 1 and 2, we presume the ALJ took judicial notice of its prior two orders reflecting the timeline of the hearing resettings. *See Abila v. Miller*, 683 S.W.3d 842, 849 n.4 (Tex. App.—Austin 2013, no pet.) (noting that appellate courts presume trial courts took judicial notice of own records even if there is no indication in record that it did).

[3] Specifically, Skyline asserted in its motion for rehearing that it did not receive advance notice of the *time* of the May 12 hearing (10 a.m.) but that an "email was sent to" it (by whom is not clear) too late—at 11:53 a.m. on May 12. Skyline further asserted that it had "been sure to show up" to the previous (March 10) hearing, for which hearing it "had been given a scheduled time" in advance. All three ALJ Orders 1 through 3 denoted the same time for the respective hearing continuances: 10 a.m. Skyline did not make any specific assertions as to whether it received notice of the original hearing date or of the first resetting of it.

3

and rulings movant complains about as well as legal and factual basis for error). Thereafter, Skyline retained counsel and timely filed a petition for judicial review, *see id.* § 2001.176; Tex. Occ. Code § 2301.751, and after the trial court denied its petition, Skyline perfected this appeal.

**DISCUSSION**

In one issue, Skyline contends that TxDMV violated its due-process rights by revoking its license without providing it notice of the reset hearing before SOAH and that TxDMV's default final order must therefore be set aside. Skyline argues that the record "conclusively establishes" that TxDMV failed to properly provide it with notice of the reset hearing date and that requiring Skyline to submit sworn proof of its non-receipt of notice under such circumstances would improperly shift the burden of proof and constitute a "meaningless technicality."

We begin by noting that the applicable standard of review is the substantial-evidence rule. *See* Tex. Occ. Code § 2301.751(a); Tex. Gov't Code § 2001.174; *Buddy Gregg Motor Homes, Inc. v. Motor Vehicle Bd.*, 156 S.W.3d 91, 98–99 (Tex. App.—Austin 2004, pet. denied). Under that standard, to reverse or remand this case we must determine that Skyline's substantial rights have been prejudiced because TxDMV's administrative findings, inferences, conclusions, or decisions were (A) in violation of a constitutional or statutory provision; (B) in excess of its statutory authority; (C) made through unlawful procedure; (D) affected by other error of law; (E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or (F) arbitrary, capricious, or characterized by abuse of discretion or clearly unwarranted exercise of discretion. *See* Tex. Gov't Code § 2001.174. The substantial-evidence rule applies to notice issues in agency proceedings. *See*

4

*Texas Alcoholic Beverage Comm'n v. AGA Trading, Inc.*, No. 14-08-00151-CV, 2009 WL 3210939, at *1–2 (Tex. App.—Houston [14th Dist.] Oct. 8, 2009, no pet.) (mem. op.).

Skyline does not expressly identify which of the Section 2001.174 reversible errors TxDMV allegedly committed, but we construe its arguments as asserting the following errors: (1) TxDMV's order denying its motion for rehearing constituted an abuse of discretion, *see* Tex. Gov't Code § 2001.174(F); and (2) the findings in TxDMV's final order pertaining to notice and Skyline's default are not supported by substantial evidence and violate Skyline's constitutional right to due process, *see id.* § 2001.174(A), (E).

In its final order, TxDMV finds that Skyline "received legally sufficient notice of the hearing in this matter as required by" Section 2301.705 of the Occupations Code. *See* Tex. Occ. Code § 2301.705 (requiring notice of "contested case hearing" to be sent by certified mail, return receipt requested, to last known address of license holder at least ten days before hearing); *see also* 1 Tex. Admin. Code § 155.501 (requiring motion for default proceeding filed by agency in contested case to be supported by adequate proof that notice of hearing was properly served to defaulting party and satisfied requirements of specified sections of Government Code and Administrative Code). That finding is presumed to be supported by substantial evidence, and Skyline bears the burden of proving otherwise. *See Texas Health Facilities Comm'n v. Charter Med.-Dallas, Inc.*, 665 S.W.2d 446, 453 (Tex. 1984).

Skyline does not cite any evidence in the record supporting its assertion that it did not receive notice of the May 12 hearing, and we have already noted that its motion for rehearing was not verified or supported by affidavit, as required. *See Udenze v. Johnston*, No. 03-22-00084-CV, 2023 WL 4110854, at *5 (Tex. App.—Austin June 22, 2023, no pet.) (mem. op.) (holding that to rely on *Craddock* defense to default order, appellant must support allegation that

5

its failure to appear at hearing was unintentional and not due to conscious indifference with evidence attached to motion for rehearing); *Anderson v. Railroad Comm'n*, 963 S.W.2d 217, 219 (Tex. App.—Austin 1998, pet. denied) (determining that in motion for rehearing of agency's default decision, movant must support all allegations with evidence, and holding that agency did not abuse discretion in refusing to set aside final default order on basis of unverified allegations). Instead, Skyline argues that it did not need to submit sworn proof with its motion for rehearing because the record "conclusively establishes" that TxDMV failed to provide it with notice of the reset May 12 hearing and thus there is an exception to the general rule for when, as here, supporting evidence would "serve no function" and be a "meaningless technicality." Skyline's argument on this point is premised on the assumption that it was TxDMV's duty to provide Skyline with notice of the date of the continued hearing. But we conclude that it was not TxDMV's duty.

Per the applicable statutes and regulations, TxDMV was required to send Skyline notice of the *original* hearing date. *See* Tex. Gov't Code § 2001.051 (entitling party to reasonable notice of at least ten days prior to contested-case hearing); 1 Tex. Admin. Code § 155.401(a) ("A referring agency shall provide notice of hearing to all parties in accordance with Tex. Gov't Code § 2001.051 and 2001.052 . . . ."); *see also* Tex. Gov't Code § 2001.052 (specifying required contents of notice of contested-case hearing); Tex. Occ. Code § 2301.705 (requiring provision of ten days' notice of contested-case hearing to license holder). The record establishes, and Skyline does not dispute, that TxDMV complied with these laws and on November 15, 2019, properly served notice of the original SOAH hearing set for December 9, 2019. The notice warned Skyline that the factual allegations listed in the NODD could be "deemed admitted" and the relief sought therein "granted by default" against a defaulting party

6

that "fails to appear at hearing." That notice also contained the following required admonition: "Parties that are not represented by an attorney may obtain information regarding contested case hearings on the public website of the State Office of Administrative Hearings at www.soah.texas.gov, or in printed format upon request to SOAH." *See* 1 Tex. Admin. Code § 155.401(a).

As for the three resettings of the original hearing, however, TxDMV is not required to send Skyline notice of those new dates. Instead, *SOAH* is required by its rules of procedure to ensure that its written rulings and orders—including orders granting continuances and resetting a hearing—are "issued to all parties of record." *See id.* § 155.155(b) ("Rulings not made orally at a recorded prehearing conference or hearing shall be in writing and issued to all parties of record."); *see also id.* § 155.155(a) (providing that SOAH judge has authority to rule on motions and take steps conducive to "a fair and efficient contested case process"), .401(b) ("A [SOAH] judge may issue orders regarding the date, time, and place for hearing, and orders affecting the scope of the proceeding."). Furthermore, a motion for continuance is not granted until an ALJ rules on it, even if the motion is agreed or uncontested, and until an ALJ grants a continuance, a party must assume that a previously scheduled hearing will proceed and thus should plan to attend it or else face possible default or dismissal. *See id.* § 155.307(g); *see also* SOAH, *Representing Yourself in General Hearings at the State Office of Administrative Hearings: Guide for Self-Represented Litigants in General Hearings Cases*, available at soah.texas.gov/representing-yourself-general-hearings-cases-state-office-administrative-hearings (last visited August 30, 2024).

Parties over whom a court of law has properly obtained jurisdiction are expected to keep themselves informed of when a case is set for trial and are not entitled to additional

notice of the resetting of a hearing if they have received proper notice of the initial setting. *See Barrera v. Barrera*, 668 S.W.2d 445, 447–48 (Tex. App.—Corpus Christi–Edinburg 1984, no writ) (holding that because appellant was provided statutorily required thirty days' notice of hearing on motion to modify conservatorship, she was not entitled to additional notice of resetting of that hearing upon appellee's request made during original hearing, when appellant did not appear at original hearing); *see also Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 185 (Tex. 1978) (holding that opposing party's request to district clerk to set case on nonjury docket for particular week, copied to appellant, constituted sufficient notice of trial setting that occurred first day of that week, and appellant should have anticipated that trial might occur that day without being entitled to further notice); *Plains Growers, Inc. v. Jordan*, 519 S.W.2d 633, 643 (Tex. 1974) ("Where, as here, there is no statute or rule to the contrary, parties over whom the court has properly obtained jurisdiction are expected to keep themselves informed of the time a case is set for trial and are not entitled to notice of the trial other than the setting of the case on the docket.").

On this record and by analogy to a litigant's duty to stay apprised of trial settings in courts of law, we conclude that, even if Skyline did not receive ALJ Order 3 or otherwise know that the SOAH hearing had been reset, as it contends, it was expected to appear at the second reset hearing on March 10, 2022, or risk defaulting. And, had Skyline attempted to appear at the second reset hearing, it would have either discovered that the hearing had been reset a third time or been unable to connect through the dial-in instructions, which should have prompted further inquiry on its part to discern the case's status (for instance by contacting SOAH or checking its website using the assigned docket number). But Skyline did not provide any

8

evidence by which TxDMV could have determined that Skyline's default was not intentional or the result of conscious indifference.

As with other State agencies, this Court presumes that SOAH acts in accordance with the law. *See State Bd. for Educator Certification v. Tran*, No. 03-18-00855-CV, 2020 WL 6834219, at *8 (Tex. App.—Austin Nov. 20, 2020, pet. denied) (mem. op.) (noting that appellate courts presume that agencies perform their duties in compliance with law, and party challenging agency's action has burden to show that it did not). Thus, in the absence of any evidence that SOAH failed to properly issue ALJ Orders 1 through 3 to all parties of record, we presume that it did. Whether Skyline in fact received the orders and can demonstrate that its failure to appear was unintentional and not the result of conscious indifference is a separate issue and one on which there is no evidence in the record, despite it being Skyline's burden to come forth with evidence to support its motion for rehearing. *See Udenze*, 2023 WL 4110854, at *5; *Anderson*, 963 S.W.2d at 219.

Moreover, construing the ten-day initial-notice requirement to require TxDMV to send out a new ten-day notice each time an ALJ grants a continuance and issues an order resetting the date would infringe on the ALJ's authority to manage their docket and take steps conducive to a fair and efficient contested-case process, *see* 1 Tex. Admin. Code §§ 155.155(a), because each continued setting would have to be scheduled at least ten days out. Being presumptively aware that the hearing would proceed on the date specified in ALJ Order 2 *unless* the ALJ granted the third motion for continuance, *see id.* § 155.307(g), Skyline cannot complain after the fact of the third continued hearing date that it was not aware of the reset date or time without supporting such assertion with evidence explaining how or why its failure to appear was unintentional and not the result of conscious indifference. *See Udenze*, 2023 WL 4110854, at *5.

Skyline's argument conflates TxDMV's provision of *notice* of the original hearing, which substantial evidence demonstrates was properly provided, with SOAH's subsequent *orders* resetting the hearing, which were presumptively issued properly to Skyline. No evidence in the record rebuts this presumption. Furthermore, Skyline has cited no authority requiring that TxDMV re-serve SOAH's already issued orders, and—in any event and contrary to Skyline's contention—the record does not "conclusively establish" that SOAH did not properly issue its orders resetting the hearing.[4] We conclude that (a) TxDMV did not abuse its discretion in denying Skyline's motion for rehearing, and (b) TxDMV's final order was not issued in violation of any constitutional or statutory provision and is supported by substantial evidence, including its finding that the violations in the NODD were deemed admitted due to Skyline's default.[5] *See Anderson*, 963 S.W.2d at 220. We overrule Skyline's sole issue.

---

[4] The cases Skyline cites are distinguishable because they involve an *affirmative duty* on the part of the *opposing party* to provide notice of hearing pursuant to applicable rules and because the record conclusively established that such notice was *not* provided. *See Olien v. University of Tex. of Permian Basin*, No. 08-02-00300-CV, 2003 WL 360937, at \*1–2 (Tex. App.—El Paso Feb. 20, 2003, no pet.) (mem. op.) (holding that trial court erred in failing to set aside default judgment when undisputed record evidence conclusively established that opposing party did not provide proper notice of summary-judgment hearing, and appellant was thus deprived of due process); *Langdale v. Villamil*, 813 S.W.2d 187, 191 (Tex. App.—Houston [14th Dist.] 1991, no writ) (reversing post-answer default judgment where record conclusively established that opposing party did not provide proper notice to appellant, as was its duty).

[5] We conclude so despite the fact that the reasoning specified in TxDMV's order denying Skyline's motion for rehearing is different from the reasoning in our analysis. *See Texas Health Facilities Comm'n v. Charter Med.-Dallas, Inc.*, 665 S.W.2d 446, (Tex. 1984) ("A reviewing court is not bound by the reasons given by an agency in its order, provided there is a valid basis for the action taken by the agency."); *Railroad Comm'n v. City of Austin*, 524 S.W.2d 262, 279–80 (Tex. 1975) ("It is no longer an open question that the order or ruling may be supported on a ground different from that recited in the order."); *Board of Trs. of Emps. Ret. Sys. v. Benge*, 942 S.W.2d 742, 744 (Tex. App.—Austin 1997, writ denied) ("We must uphold the order on any legal basis shown in the record even if the Board gave an erroneous legal basis for its decision.").

**CONCLUSION**

Having determined that TxDMV's decision to deny Skyline's motion for rehearing and its final order are supported by substantial evidence in the record and are not affected by any other reversible error, we affirm the trial court's final judgment.

_____

Thomas J. Baker, Justice

Before Justices Baker, Triana, and Smith

Affirmed

Filed:   September 6, 2024

11