Arnold ANDERSON d/b/a Trinity Valley
Oil & Equipment, Appellant,

v.

RAILROAD COMMISSION OF TEXAS,
and its Commissioners Carole Keeton
Rylander, Charles Matthews and Barry
Williamson, Appellees.

No. 03–97–00509–CV.

Court of Appeals of Texas,
Austin.

March 5, 1998.

Rehearing Overruled April 9, 1998.

**218**

James M. Doherty, James M. Doherty, P.C., Austin, for Appellant.

Dan Morales, Asst. Atty. Gen., Natural Resources Division, Austin, for Appellees.

Before POWERS, ABOUSSIE and B.A. SMITH, JJ.

BEA ANN SMITH, Justice.

Appellee Railroad Commission of Texas ("Commission") entered a default judgment against Arnold Anderson after he failed to appear at a hearing scheduled to determine the need to plug several abandoned wells of which he was the operator. After learning of the default order, appellant Anderson timely filed a motion for a rehearing, which the Commission denied. Anderson sought judicial review of the Commission's refusal to reopen the hearing; the district court affirmed the agency's decision. Anderson appeals in three points of error. We will affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Anderson was listed in the Commission's registry as the operator of certain oil and gas wells in Texas. The Commission gave notice to appellant that it considered nine wells to be in violation of certain Commission rules and provisions of the Texas Natural Resources Code. *See* Tex. Nat. Res.Code Ann. Title 3, Subtitles A, B, C (West 1993 & Supp.1998). These provisions require that abandoned oil and gas wells be plugged in order to promote safety and to prevent pollution after the wells have ceased production. *Id.* Separate notice for each well was sent by both regular and certified mail to the business and residential addresses Anderson had listed on the Commission's P–5 forms. Operators of oil and gas wells are required to maintain current addresses with the Commission on these forms. 16 Tex. Admin. Code § 3.1(a) (1997). Of the eighteen certified notices mailed, eight were signed by "A. Anderson," nine were signed by an Anderson employee responsible for forwarding Anderson's mail, and one was returned unclaimed. Eighteen notices were also sent by regular mail to the same business and residential addresses. Each of the thirty-six notices informed appellant that a hearing would be held to determine the extent of the violations and the sanctions to be assessed.

Anderson did not appear for the hearing, and the Commission entered a default order pursuant to Texas Government Code, section

2001.056 (West 1998), requiring Anderson to plug the wells or otherwise bring the wells into compliance and to pay administrative penalties and expenses. Anderson timely filed a motion for rehearing on the basis of lack of actual notice, which the Commission overruled. The district court upheld the Commission's decision to deny the request for a rehearing based on the evidence in the record.

Anderson appeals in three points of error: (1) the trial court erred in applying the "substantial evidence" rule to the Commission's denial of the rehearing; (2) in denying the rehearing the Commission acted with a clear abuse of discretion, arbitrarily and capriciously, and in violation of due process; and (3) the trial court erred in finding substantial evidence in the record to support the Commission's decision.

### DISCUSSION

The standard of review of an agency decision is set out in the Texas Government Code, section 2001.174 (West 1998). A court may reverse the agency's decision only if the substantial rights of the appellant have been prejudiced because the agency has committed one of the errors listed in section 2001.174(2)(A)-(F). The list includes the substantial evidence, abuse of discretion, and arbitrary and capricious tests. *See* Tex. Gov't Code Ann. § 2001.174(2)(E), (F).

 The issue before us is whether the Commission abused its discretion in overruling appellant's motion for rehearing. In making this determination, both parties ask us to apply the test set out in *Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124 (1939). Though neither side offers authority for the application of *Craddock* to an agency proceeding, we think the *Craddock* standard is appropriate to apply to agency denials of rehearings after a default order. Applying the *Craddock* test to the agency context, a rehearing may be granted (1) if the failure to answer in the first hearing was neither intentional nor the result of conscious indifference, but was due rather to accident or mistake; (2) if the party against whom the default order is issued presents a meritorious defense; and (3) if a rehearing

will not work any injury to the agency or its mission. *See Craddock,* 133 S.W.2d at 126.

 In the motion for rehearing, a party must support all allegations with evidence. *See Statewide Convoy Transp., Inc., v. Railroad Comm'n,* 753 S.W.2d 800, 805 (Tex. App.—Austin 1988, no writ). Anderson claims that his failure to appear at the hearing was due to accident or mistake because he did not receive actual notice. Appellant failed, however, to verify these allegations or to attempt to prove them by evidence adduced in the Commission. Although Anderson did include affidavits in his request for oral arguments before the Commission, they cannot be considered part of his motion for rehearing because they were submitted after the deadline for the motion for rehearing had passed. The APA makes no provision for amending a motion for rehearing after the filing deadline. *See Snead v. State Bd. of Med. Exam'rs,* 753 S.W.2d 809, 811 (Tex.App.—Austin 1988, no writ); *see also* Tex. Gov't Code Ann. § 2001.146 (West 1998).

Without timely affidavits, Anderson presents bare unverified allegations, and we cannot conclude that the agency abused its discretion in refusing to set aside its final order solely on the basis of Anderson's unverified and unproven allegations. *See Statewide Convoy Transp., Inc.,* 753 S.W.2d at 805.

 Were we to consider the affidavits, we would find the Commission was well within its discretion to deny the motion for rehearing. The Commission could reasonably have determined based on evidence in the record that Anderson's failure to answer was intentional or the result of conscious indifference, and therefore that Anderson did not satisfy the first element of the *Craddock* test.

The record contains substantial evidence that Anderson received notice of the hearing. The Commission sent thirty-six notices of the pending dockets to appellant, eighteen by certified mail, and eighteen by regular mail to the business and residential addresses listed on the Commission's P-5 forms. We have held that the Commission is entitled to rely on the addresses that regulated operators are required to provide. *Morris v. State,*

894 S.W.2d 22, 25 (Tex.App.—Austin 1994, writ dism'd w.o.j.). Of the eighteen certified mailings, seventeen were returned signed, eight by Anderson himself and nine by an Anderson employee responsible for forwarding Anderson's mail. The record also indicates that appellant had actual notice of the pendency of the hearing from a Commission staff attorney who notified Anderson of the pendency of the hearing by telephone.

■ We find that the record contains sufficient evidence that would justify the Commission's decision to deny the rehearing. Under the substantial evidence test, a reviewing court looks only to see whether there is some reasonable basis in the record for the action taken by the agency. *See Railroad Comm'n v. Torch Operating Co.*, 912 S.W.2d 790, 792 (Tex.1995); *see also* Tex. Gov't Code Ann. § 2001.174. The Commission could reasonably have concluded that Anderson received actual notice of the hearing and that his failure to appear was due to conscious indifference rather than accident or mistake. This conclusion alone provides grounds for refusing the rehearing under the *Craddock* test, and we need not consider the agency's treatment of the meritorious defense claims or injury to the appellee elements of that test.

Apart from claiming that he has met the *Craddock* test, appellant advances no argument with respect to the agency's denial of the rehearing that would directly implicate one of the other errors listed in APA section 2001.174, and we find no other such error. Having found substantial evidence in the record to justify its denial of the motion for rehearing, we cannot say that the Commission acted arbitrarily or capriciously, or that it abused its discretion, nor was the decision in violation of any constitutional or statutory provision. *See, e.g., Public Util. Comm'n v. Gulf States Utils. Co.*, 809 S.W.2d 201, 211 (Tex.1991). We overrule appellant's three points of error.

## CONCLUSION

We find that the Commission's decision to deny appellant's motion for rehearing is supported by substantial evidence in the record and is not affected by any other error listed in section 2001.174 of the Government Code. *See* Tex. Gov't Code Ann. § 2001.174(2). The judgment of the district court is affirmed.