Reversed
and Rendered and Memorandum Opinion filed October 8, 2009.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00151-CV

____________

 

TEXAS ALCOHOLIC BEVERAGE COMMISSION, Appellant

 

V.

 

AGA TRADING, INC., D/B/A SAN DIEGO
FOOD MART,
Appellee

 



 

On Appeal from the 434th
District Court

Fort Bend County, Texas

Trial Court Cause No. 08-CV-161345

 



 

M E M O R A N D U M   O P I N I O N

This case involves a district court=s reversal of an
agency order.  In two issues, appellant Texas Alcoholic Beverage Commission (ATABC@) asserts that the
district court erred by reversing a TABC order cancelling an alcoholic beverage
permit held by AGA Trading, Inc., d/b/a San Diego Food Mart (AAGA@).  For the
reasons discussed below, we reverse and render judgment affirming TABC=s original order.








TABC brought an enforcement action against
AGA to cancel its Wine and Beer Retailer=s Off-Premise
Permit, alleging that AGA made a false or misleading statement in connection
with its permit application.  According to a certificate of service signed by
TABC=s representative,
on July 3, 2007, TABC sent notice of a hearing on the enforcement action to AGA
at AAga Trading Inc.,
d/b/a San Diego Food Mart, 311 S Doctor Ee Dunlap St, San Diego, TX 783849998@; TABC=s records show AGA=s address as A311 S. Doctor Ee
Dunlap Street, San Diego, Texas 78384.@  The signed green
card was returned and showed that the notice of hearing was delivered on July
5.  The typed portion of the green card contains the same address as the
certificate of service, but at some point, the part of the typed address on the
green card that indicates ASt@ was marked
through and AHwy@ was handwritten alongside it.  AGA failed
to appear, and the hearing proceeded on a default basis.  The presiding
administrative law judge made findings of factCincluding a
finding that AGA Areceived the Notice of Hearing on July 5,
2007@Cand recommended
that TABC cancel AGA=s permit.  TABC=s Assistant
Administrator subsequently issued an order adopting the administrative judge=s findings and
cancelling AGA=s permit.  AGA filed a motion for rehearing claiming
it had not received actual notice of the hearing and asserting a defense to the
allegation that it had made a false or misleading statement.  Attached to the
motion was, among other things, an affidavit signed by Rafiq Merchant, AGA=s president,
asserting he Adid not receive actual notice of the hearing.@  TABC denied the
motion for rehearing, and AGA appealed to the district court.  The district
court reversed, finding that notice was ineffective because there were Aaddress problems@ and the signature
on the green card Aclearly@ was not Merchant=s.  This appeal followed.








In its first issue, TABC argues that the
trial court erred in reversing its order because there was substantial evidence
to support a finding that AGA received notice of the hearing.  We review TABC=s order under the
substantial evidence rule.  See Tex.
Alco. Bev. Code Ann. ' 11.67(b) (Vernon 2007); Tex. Gov=t Code Ann. ' 2001.174(2)
(Vernon 2008).  The substantial evidence rule gives courts a limited standard
of review and grants significant deference to agency expertise.  R.R. Comm=n of Tex. v. Torch
Operating Co., 912 S.W.2d 790, 792 (Tex. 1995); Tex. Dep=t of Pub. Safety
v. Guajardo, 970 S.W.2d 602, 605 (Tex. App.CHouston [14th Dist.] 1998, no pet.).  AThe true test is
not whether the agency reached the correct conclusion, but whether some
reasonable basis exists in the record for the action taken by the agency.@  City of El
Paso v. Pub. Util. Comm=n of Tex., 883 S.W.2d 179,
185 (Tex. 1994); see also Guajardo, 970 S.W.2d at 605. 
Substantial evidence is more than a mere scintilla of evidence, but the record
may actually preponderate against the agency decision and nonetheless amount to
substantial evidence.  Torch Operating Co., 912 S.W.2d at 792B93.  The agency=s findings,
inferences, conclusions, and decisions are presumed to be supported by
substantial evidence, and the party appealing the agency decision has the
burden of proving otherwise.  City of El Paso, 883 S.W.2d at 185.  If
evidence can support either affirmative or negative findings, the agency=s decision must be
upheld.  Tex. Health Facilities Comm=n v. Charter
Med.-Dallas, Inc., 665 S.W.2d 446, 453 (Tex. 1984); Guajardo, 970 S.W.2d at 605.  The
substantial evidence rule applies to notice issues in an agency setting.  See
Anderson v. R.R. Comm=n of Tex., 963 S.W.2d 217,
219B20 (Tex. App.CAustin 1998, pet. denied).

At the time TABC sent notice, the Texas
Administrative Code provided that hearings could proceed on a default basis
where (1) the agency rules authorized service by sending notice of hearing to
the party=s address of record with the agency and (2) there was
credible evidence that notice was sent.  See 1 Tex. Admin. Code ' 155.55(c) (2007)
(State Office of Admin. Hearings, Default Hearings), repealed in 33 Tex.
Reg. 9451 (2008) (effective Nov. 26, 2008).  At the time, the Administrative
Code required that TABC send notice of hearings to permittees at their last
known address as reflected in TABC=s records.  See 16 Tex. Admin. Code ' 37.3(b) (2004)
(Tex. Alco. Beverage Comm=n, Service of Pleadings & Notice of
Hearing), repealed in 33 Tex. Reg. 2535 (2008) (effective Mar. 26,
2008).








TABC presented evidence that it sent the
notice to AGA at the address indicated in TABC=s records and that
it received a signed green card in return.  This is substantial evidence from
which the agency could have reasonably concluded that AGA had actual notice of
the hearing.  See Anderson, 963 S.W.2d at 219B20 (concluding
that evidence of sending notices to address on file and receipt of signed green
cards was substantial evidence to support agency finding of proper notice, even
though defendant denied receiving notices); see also Morris v. State,
894 S.W.2d 22, 24B25 (Tex. App.CAustin 1994, writ
dism=d w.o.j.) (finding
sufficient evidence to prove ten days= notice of hearing
based on mailing notices to address on file, even though defendant denied
receiving notices).

AGA argues that actual notice is required
and claims it did not have actual notice, relying on Merchant=s affidavit.   We
need not determine if constructive notice is sufficient or if actual notice is
required because the agency=s finding of actual notice was reasonable
and supported by the record.  Merchant denied receiving the hearing notice, but
his denial does not conclusively prove the truth of his assertion.  See
Anderson, 963 S.W.2d at 219B20; Morris, 894 S.W.2d at 24B25.  The agency
was entitled to resolve conflicts in the evidence, and when, as here, the
evidence could support a finding either way, the agency=s decision must be
upheld.  See City of El Paso, 883 S.W.2d at 185; Charter Med.-Dallas,
665 S.W.2d at 453; Guajardo, 970 S.W.2d at 605.

The district court impermissibly
substituted its judgment for that of the agency by focusing on what it
determined to be Aaddress problems@ and a green card
signature that the district court did not believe was Merchant=s.  However, the
agency=s resolution of
these issues against AGA was not unreasonable.  As to the address issue, there
is no evidence in the record regarding who made the handwritten change in the
address from ADunlap St@ to ADunlap Hwy@ or when that
change was made.  It is just as likely that the change (1) was made by AGA or a
third party as by TABC or (2) was made after TABC sent the notice rather than
before.  Further, there is no evidence that the handwritten change made AGA=s address
incorrect or would have prevented the notice from reaching AGA.








As to the signature issue, the district
court concluded that the signature on the green card was not Merchant=s because it did
not match the signature on his affidavit.  Nevertheless, the agency could have
reasonably concluded the signature was Merchant=s or that of
someone authorized to receive mail for him.  Though the signature is mostly
illegible, the signature clearly starts with an R, as does Merchant=s first name,
Rafiq.  Further, that the signature on the green card does not appear to be the
same as the signature on the affidavit does not make the agency=s determination
unreasonable; the agency could have determined that the style of Merchant=s signature on his
affidavit, in which he effectively denied signing the green card showing
receipt of the hearing notice, was not representative of his usual signature. 
Alternatively, the agency could have reasonably concluded that the notice was
sent to the proper address (as discussed above) and therefore whoever signed
for it had authority to receive mail for AGA.  Under either scenario, the agency
could have reasonably determined that AGA received the mailing of the hearing
notice.  Accordingly, TABC=s first issue is sustained.[1]

In conclusion, because the agency=s finding that AGA
received actual notice is reasonable based on the record, the district court
erred in reversing the agency=s order.  We therefore reverse the
district court=s judgment and render judgment affirming the agency=s order.

 

 

/s/      Leslie
B. Yates

Justice

 

 

 

Panel consists of Chief Justice Hedges and Justices Yates and Frost.









[1]  Because we have sustained TABC=s first issue, we need not address TABC=s second issue, in which it asserts that the default
judgment was supported by AGA=s failure to
comply with the requirements of Craddock v. Sunshine Bus Lines, Inc.,
133 S.W.2d 124 (Tex. 1939).