# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-11-00869-CV

**Elias J. De La Garza d/b/a Elias De La Garza Insurance, Appellant**

**v.**

**Texas Department of Insurance and Commissioner of Insurance David Mattax, Appellees**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
NO. D-1-GN-10-000643, HONORABLE RHONDA HURLEY, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellant Elias De La Garza d/b/a Elias De La Garza Insurance appeals from the trial court's judgment affirming a default order issued by appellee Commissioner of Insurance David Mattax. In the order, the Commissioner revoked De La Garza's insurance agent occupational licenses. In five issues, De La Garza contends that his substantial rights were prejudiced because the default order was "made through unlawful procedure," "affected by other error of law," and "in violation of" his due process rights. *See* Tex. Gov't Code § 2001.174(2)(A), (C), (D). For the following reasons, we affirm the trial court's judgment.

## BACKGROUND

De La Garza, the owner and operator of Elias J. De La Garza Insurance, has been a licensed insurance agent in Texas since 2000. Between November 2008 and June 2009, appellee

Texas Department of Insurance mailed multiple letters to De La Garza concerning client complaints,[1] and requested his response. He did not respond to any of the letters. On October 2, 2009, the Department mailed by first class and certified mail, with return receipt requested, notice of a public hearing to De La Garza at his last known address. *See* 28 Tex. Admin. Code § 1.28 (Texas Department of Insurance, Notice and Service)[2]; *see also* Tex. Gov't Code § 2001.054(c)(1) (requiring "notice by personal service or by registered or certified mail to the license holder"). The hearing was scheduled for December 16, 2009, before an administrative law judge at the offices of the State Office of Administrative Hearings (SOAH).

One of De La Garza's employees, who was in charge of handling the office mail and finances, received the notice and signed the return receipt (green card). According to the Department's rules, De La Garza had 20 days to file a written response. *See* 28 Tex. Admin. Code § 1.88(a) (Written Response to Notice of Hearing). He did not file a written response to the notice of hearing.

The Commissioner thereafter sought informal disposition by default due to De La Garza's failure to file a written response. *See id.* § 1.89 (Default: What Constitutes Default; Remedies). On December 4, 2009, the Commissioner issued a default order revoking De La Garza's

---

[1] The client complaints that led to the Commissioner's default order concerned allegations that De La Garza received premium monies from his clients that he did not forward to the appropriate insurance company, resulting in the clients' policies either never being issued or not being renewed. De La Garza's clients discovered their lack of insurance when they attempted to file claims based on damage to their residences sustained during Hurricane Ike.

[2] Unless otherwise stated, references to the Texas Administrative Code are to the Department's rules.

2

licenses and ordering restitution and, a few days later, the Department mailed a copy of the default order to De La Garza by regular mail and certified mail, return receipt requested.[3] The Department also filed a motion to dismiss with SOAH. On December 14, 2009, SOAH granted the motion to dismiss and ordered the case removed from its docket.

Toward the end of January 2010, De La Garza filed with the Department, among other motions: (i) a motion for rehearing, (ii) a motion to set aside the default order and to reopen the record, and (iii) a motion to extend time for filing a motion for rehearing and a motion to set aside the default order and to reopen the record. *See id.* § 1.89(d) (addressing motions to set aside and reopen after informal disposition by default). In his motion for rehearing, De La Garza contended that his failure to respond was not intentional or the result of conscious indifference. He also filed affidavits in support of his motions. In the affidavits, De La Garza and his wife testified that he was unaware of the notice letters or the default order until January 8, 2010. According to De La Garza, he did not learn of the notices or subsequent revocation of his licenses until he was unable to place insurance with a carrier on that day. He explained that he "was told later" that the employee who "handled the office mail and the office finances" shredded the notice letters from the Department without alerting him of their existence and that the employee "had improperly failed to pay certain agency financial obligations." According to De La Garza, the employee's services were terminated on January 8, 2010.

---

[3] In the order, the Commissioner's conclusions of law included that De La Garza "misappropriated, converted to his own use or illegally withheld money belonging to an insurer, HMO, insured, enrollee or beneficiary," *see* Tex. Ins. Code § 4005.101(b)(4); "engaged in fraudulent or dishonest acts or practices," *see id*. § 4005.101(b)(5); and "fail[ed] to respond to [the Department]'s requests for information," *see id*. § 38.001.

On February 11, 2010, the Commissioner granted De La Garza's motion to extend the time for filing his motions, extending the deadline to February 19, 2010. *See* Tex. Gov't Code § 2001.146(e) (allowing state agency to extend time for filing motion for rehearing up to 90 days "after the date on which the party or the party's attorney of record is notified"). On February 15, 2010, De La Garza filed a motion for rehearing with SOAH of the December 14, 2009, SOAH dismissal of his case, and, on February 21, 2010, he filed with the Department a notice of intent to rely on previously filed motions, including the motion for rehearing that he filed in January 2010.

De La Garza sued the Department and the Commissioner on March 2, 2010, seeking declaratory and injunctive relief, including a declaration that the default order "was null and void *ab initio*." He contended that the default order was supported by a defective affidavit and that notice and an opportunity to be heard were not provided to him, resulting in revocation of his license without due process of law. He urged that "the Default Order divested [him] of his constitutionally protected property right to his occupational licenses without due process of law." After the Commissioner issued an order on March 10, 2010, denying his motions, including his motion for rehearing, De La Garza amended his pending suit to add his petition for judicial review of the default order under the Texas Administrative Procedure Act (APA). *See* Tex. Gov't Code § 2001.171.

The Department and the Commissioner filed a plea to the jurisdiction, and the parties filed briefing on the merits. After a hearing, the trial court denied the plea to the jurisdiction but affirmed the default order. This appeal followed.

4

**ANALYSIS**

**Exhausting Administrative Remedies**

As a preliminary matter, the Department and the Commissioner challenge the trial court's subject matter jurisdiction over De La Garza's claims. They argue that he is not entitled to judicial review of the default order because he did not file a timely motion for rehearing and, therefore, that he failed to exhaust his administrative remedies.

To be entitled to judicial review of an agency order under the APA, a plaintiff is required to exhaust all available administrative remedies, *see* Tex. Gov't Code § 2001.171, including filing a timely motion for rehearing, *see id.* § 2001.145; *see also id*. § 2001.146 (requiring motion for rehearing to be filed "not later than the 20th day after the date on which the party . . . is notified . . . of a decision or order"). According to the Department, De La Garza's deadline for filing a motion for rehearing initially was December 30, 2009, *see* Tex. Gov't Code § 2001.146; *see id*. § 2001.142 (allowing notice of order by first class mail with presumption that party "notified on the third day after the date on which the notice is mailed"), and then February 19, 2010, after the Department granted him an extension by written order. *Id*. § 2001.146(e) (allowing state agency to extend deadline for filing motion for rehearing). The Department urges that De La Garza's motion for rehearing was not timely because he did not file his notice of intent to rely on previously filed motions until after the extended deadline had expired. De La Garza filed this notice with the Department on February 21, 2010.

The Department's argument, however, ignores De La Garza's motion for rehearing that he filed in January with the Department. This filing complied with the extended deadline.

5

Further, after the Commissioner denied his motion for rehearing by written order on March 10, 2010, De La Garza amended his suit to include a petition for judicial review of the default order. *See id*. § 2001.176(a) ("A person initiates judicial review in a contested case by filing a petition not later than the 30th day after the date on which the decision that is the subject of complaint is final and appealable.").[4] On this record, we conclude that De La Garza's motion for rehearing was timely and that he exhausted his administrative remedies before bringing his suit for judicial review of the default order. We turn then to his issues.

**Unlawful Procedure**

In his first and second issues, De La Garza contends that the default order prejudiced his substantial rights because it was "made through unlawful procedure." *See* Tex. Gov't Code § 2001.174(2)(C). He asserts "unlawful procedure" based on his allegations that the Department's notice of hearing did not contain the disclosure language required by section 1.88(c)

---

[4] "This Court has previously held that filing a motion for rehearing and waiting for a final decision on the motion are jurisdictional prerequisites to seeking judicial review in a purely administrative case." *Desi Driving Sch. v. Texas Educ. Agency*, No. 03-12-00547-CV, 2014 Tex. App. LEXIS 2859, at *4 (Tex. App.—Austin Mar. 14, 2014, no pet.) (mem. op.) (citing *Marble Falls Indep. Sch. Dist. v. Scott*, 275 S.W.3d 558, 566–67 (Tex. App.—Austin 2008, pet. denied)). In contrast with the procedural posture and relief requested in *Desi Driving*, De La Garza's original petition sought declaratory and injunctive relief based in part on his allegation that the order violated his due process rights, and he did not bring his petition for judicial review of the default order under the APA until after the Department denied his motion for rehearing. *See id.*; *see also Houston Mun. Emps. Pension Sys. v. Ferrell*, 248 S.W.3d 151, 158 (Tex. 2007) (noting that there is right to judicial review of an administrative order that violates a constitutional right in addition to any statutory right of judicial review); *Texas Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 172 (Tex. 2004) ("In Texas, a person may obtain judicial review of an administrative action only if a statute provides a right to judicial review, or the action adversely affects a vested property right or otherwise violates a constitutional right." (citation omitted)).

6

of its rules, *see* 28 Tex. Admin. Code § 1.88(c), and that the default order was not supported by a "proper affidavit."

Under section 2001.174 of the APA, a court may reverse or remand an administrative decision "if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: . . . made through unlawful procedure." Tex. Gov't Code § 2001.174(2)(C). But the appellant must raise his issues in his motion for rehearing to preserve them for review. *See Entergy Gulf States, Inc. v. Public Util. Comm'n of Tex.*, 173 S.W.3d 199, 210 (Tex. App.—Austin 2005, pet. denied) ("The motion for rehearing must be sufficiently definite to allow the agency to cure the error or defend the order. . . . To preserve the issue for review, the party must state in the motion for rehearing the particular issue the party asserts was error and the legal basis upon which the claim rests." (citations omitted)); *Williams v. Geeslin*, No. 03-05-00450-CV, 2006 Tex. App. LEXIS 6319, at *5–6 (Tex. App.—Austin July 21, 2006, no pet.) (mem. op.) (concluding that motion for rehearing did not preserve issue for review). Here, although De La Garza argued in his motion to set aside the default order that the affidavit supporting the default order was defective, he failed to raise this issue or his issue challenging the notice's disclosure language in his motion for rehearing and, therefore, has waived them. *See* 28 Tex. Admin. Code § 1.89(d)(2) ("A motion to set aside the default order and reopen the record is not a motion for rehearing and is not to be considered a substitute for a motion for rehearing."). Further, even if he had not waived the issues, we would conclude that they do not have merit.

In his first issue, De La Garza contends that the default order was not served in compliance with applicable disclosure requirements because the notice of hearing did not contain the statutory language required by section 1.88(c) of the Department's rules. *See* 28 Tex. Admin. Code § 1.88(c).[5] Even if we were to agree with De La Garza, he did not establish that his substantial rights were prejudiced by the language of the notice. He failed to show a causal connection between the language in the notice and the revocation of his licenses. *See Lone Star R.V. Sales, Inc. v. Motor Vehicle Bd. of the Tex. Dep't of Transp.*, 49 S.W.3d 492, 500 (Tex. App.—Austin 2001, no pet.) ("Even if we were to find, however, that the Board engaged in an unlawful procedure, the task at hand is to determine whether Lone Star's substantial rights were prejudiced by the Board's [allegedly unlawful procedure].") According to De La Garza, he was unaware of the notice until after the

---

[5] Section 1.88(c) requires the notice of hearing to contain the following disclosure language "in capital letters and 12-point boldface type":

> IF YOU DO NOT FILE A WRITTEN RESPONSE TO THIS NOTICE WITH THE STATE OFFICE OF ADMINISTRATIVE HEARINGS WITHIN 20 DAYS OF THE DATE THIS NOTICE WAS MAILED, THE SCHEDULED HEARING MAY BE CANCELED AND THE COMMISSIONER OF INSURANCE MAY GRANT THE RELIEF SET OUT IN THIS NOTICE OF HEARING, INCLUDING REVOCATION OF YOUR LICENSE(S) BY DEFAULT. IF YOU FILE A WRITTEN RESPONSE BUT THEN FAIL TO ATTEND THE HEARING, THE COMMISSIONER OF INSURANCE MAY GRANT THE RELIEF SET OUT IN THIS NOTICE OF HEARING, INCLUDING REVOCATION OF YOUR LICENSE(S) BY DEFAULT.

28 Tex. Admin. Code § 1.88(c); *see also id.* § 1.89(c) (requiring notice of hearing to include "required disclosure language set forth in § 1.88(c) of this title"). The Department's disclosure language in the notice complies with the requirements of capital letters and 12-point boldface type, but it paraphrased and expanded the disclosure language.

Commissioner issued the default order. It follows that the language in the notice could not have been the cause of his failure to timely file a written response. *See id.*

As to his second issue, De La Garza contends that his substantial rights were prejudiced because the default order was not supported by a "proper affidavit." He urges that the affidavit is defective because it does not include a statement that the facts within it are true. The affidavit stated in relevant part:

> Before me the undersigned authority personally appeared Judy Lopez, who, being by me duly sworn, deposed as follows:
>
> My name is Judy Lopez. I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated.
>
> I have reviewed the computer records of [the Department] and have confirmed the last mailing address provided to the Department by Elias J. De La Garza in writing was [address].

Lopez also testified that the Department's files contained a copy of the notice of hearing that was filed with SOAH, that the notice was addressed to De La Garza's last known address and mailed first class and certified mail, with return receipt requested. Attached to her affidavit are copies of the Department's certified and first class mail logs.

Given that the affidavit establishes that Lopez was "duly sworn" and "personally acquainted with the facts herein stated," we conclude that it was not defective even though it does not include a statement that the facts within it are true. *See Churchill v. Mayo*, 224 S.W.3d 340, 346–47 (Tex. App.—Houston [1st Dist.] 2006, pet denied) (noting that, "[b]y stating that she is 'personally acquainted with the facts herein stated,' the affidavit plainly represents that it is made

9

from her personal knowledge" and that "[a]n affidavit that does not state that the facts recited are true, but is based on personal knowledge and is subscribed to and sworn before a notary public, is not defective"). Thus, De La Garza has failed to show that the default order was "made through unlawful procedure" based on the challenged affidavit. *See* Tex. Gov't Code § 2001.174(2)(C). We overrule De La Garza's first and second issues.

### Affected by Other Error of Law

In his third issue, De La Garza argues that his substantial rights were prejudiced because the administrative decision was "affected by other error of law." *See id.* § 2001.174(2)(D). He contends that he met all three elements of the *Craddock* test and the requirements of section 1.89(d) of the Department's rules and therefore that his case should be reinstated. *See* 28 Tex. Admin. Code § 1.89(d); *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex.1939).

Section 1.89(d) provides:

> After informal disposition of a contested case by default, a motion by the respondent to set aside the default order and reopen the record shall be granted if the respondent establishes that the failure to file a written response or to attend the hearing was neither intentional nor the result of conscious indifference, and that such failure was due to a mistake or accident.

28 Tex. Admin. Code § 1.89(d). The *Craddock* test similarly allows a trial court to set aside a default judgment if, "the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident." 133 S.W.2d at 126. The *Craddock* test also requires the defendant to establish that it has a

10

meritorious defense and that setting aside the judgment "will occasion no delay or otherwise work an injury to the plaintiff." *Id.*

Because it is dispositive, we limit our analysis to whether De La Garza established that his failure to file a written response to the notice of hearing was "neither intentional nor the result of conscious indifference, and that such failure was due to a mistake or accident." *See* 28 Tex. Admin. Code § 1.89(d); *Craddock*, 133 S.W.2d at 126; *see also* Tex. R. App. P. 47.4; *Anderson v. Railroad Comm'n of Tex.*, 963 S.W.2d 217, 219 (Tex. App—Austin 1998, pet. denied) (applying *Craddock* test to denial of motion for rehearing from default order in administrative proceeding). It was De La Garza's burden to establish that the failure to respond was unintentional and not a result of conscious indifference. *See* 28 Tex. Admin. Code § 1.89(d); *Sutherland v. Spencer*, 376 S.W.3d 752, 755 (Tex. 2012) ("A defendant satisfies its burden as to the first *Craddock* element when its factual assertions, if true, negate intentional or consciously indifferent conduct by the defendant and the factual assertions are not controverted by the plaintiff.").

De La Garza contends that he satisfied section 1.89(d) and the first element of the *Craddock* test based on his factual assertions that his failure to respond was due to his lack of knowledge about the notice, not a result of conscious indifference. In his affidavit, he averred that he did not learn of the notices or subsequent revocation of his licenses until he was unable to place insurance with a carrier on January 8, 2010, and that the employee, who handled the office mail and finances, shredded the notices without alerting him of their existence. But the Department provided notices to De La Garza in accordance with its rules by mailing the notices to his last known address, and he concedes that the notices were received at this address. *See* 28 Tex. Admin. Code § 1.28(c)

11

(stating that "[d]eposit in the United States mails of a registered or certified letter, return receipt requested, containing a notice of a hearing in compliance with the requirements specified by this rule . . . sent to the party's last known address . . . shall constitute notice of the hearing or of such decision or order"). The Department was entitled to rely on the green card as proof of notice and to resolve the conflicting evidence against De La Garza. *See id.*; *Anderson*, 963 S.W.2d at 219–20 (concluding that agency "entitled to rely on the addresses that regulated [entities] are required to provide"); *see also Texas Alcoholic Bev. Comm'n v. AGA Trading, Inc.*, No. 14-08-00151-CV, 2009 Tex. App. LEXIS 7842, at *5–7 (Tex. App.—Houston [14th Dist.] Oct. 8, 2009, no pet.) (mem. op.) (in context of order based on default proceeding, concluding that "agency's finding of actual notice was reasonable and supported by the record" even though claim of lack of notice was supported by affidavit).

Further, even if De La Garza's affidavit was sufficient to establish that the failure to respond was not intentional or a result of conscious indifference on his part, that is not the end of the analysis. *See Anderson*, 963 S.W.2d at 219–20. In the context of default judgments, the Texas Supreme Court has held that, "[w]hen a defendant relies on his agent to file an answer, he must demonstrate that both he *and* his agent were free of conscious indifference. *Holt Atherton Indus., Inc. v. Heine,* 835 S.W.2d 80, 83 (Tex. 1992) (emphasis added). Here, although De La Garza averred that the employee's actions were not authorized and contravened office policy, De La Garza relied on the employee to handle the office mail and finances, and De La Garza failed to

12

demonstrate that the employee's actions surrounding the notices were not intentional or a result of conscious indifference.[6]

Guided by the supreme court's directive in *Heine*, we conclude that De La Garza failed to satisfy section 1.89(d) or the first element of the *Craddock* test. *See id.*; *compare Anderson*, 963 S.W.2d at 219–20 (upholding Commission's decision to deny motion for rehearing as to default order under first element of *Craddock* test in context of party who contended that he did not have actual notice of the hearing and finding that "Commission could reasonably have concluded that [party] received actual notice of the hearing"), *with Fidelity & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 575–76 (Tex. 2006) (noting that default judgments "often" set aside "when papers were misplaced, though no one knew precisely how" and that "excuse need not be a good one to suffice"). On this basis, we overrule De La Garza's third issue.

**Due Process**

In his fourth and fifth issues, De La Garza contends that his substantial rights were prejudiced because the administrative decision was "in violation of a constitutional or statutory provision." *See* Tex. Gov't Code § 2001.174(2)(A). He contends that the trial court erred in affirming the default order when the motion for rehearing adequately advised the Department of his complaints and when the default order violated his due process rights. He argues that his licenses

---

[6] In briefing filed with the trial court, De La Garza offered the following explanation for the employee's actions as to the notices: "It is believed this employee intercepted and shredded the correspondence from the [Department] because it was she who failed to forward the premium payments to the insurance carriers and instead personally pocketed those payments."

are protected property rights, and that revoking his licenses in the manner that the Department did equates to an unconstitutional taking without due process of law. *See* Tex. Const. art. I, § 19.

We agree with De La Garza that he has a property right in his licenses, but such licenses are property rights "that [have] been created by statute and [are] subject to the state's power to impose conditions upon the granting or revocation of the license[s] for the protection of society." *See Scally v. Texas State Bd. of Med. Exam'rs*, 351 S.W.3d 434, 447 (Tex. App.—Austin 2011, pet. denied). The issue is what process was due to him to protect his property right in this context. *See id.* "What process is due is measured by a flexible standard that depends on the practical requirements of the circumstances." *University of Tex. Med. Sch. at Hous. v. Than*, 901 S.W.2d 926, 930 (Tex. 1995) (citing *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976)). "[T]he ultimate test of due process of law in an administrative hearing is the presence or absence of rudiments of fair play long known to our law." *State v. Crank*, 666 S.W.2d 91, 94 (Tex. 1984). "At a minimum, due process requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner." *Scally*, 351 S.W.3d at 447 (citing *Mathews*, 424 U.S. at 333; *Than*, 901 S.W.2d at 930).

Here, as previously noted, the Department provided notices to De La Garza in accordance with its rules by mailing the notices to his last known address, and he concedes that the notices were received at this address. *See* 28 Tex. Admin. Code § 1.28(c). De La Garza also does not challenge section 1.28 of the Department's rules or the Department's authority to rely on addresses provided by its licensees or signed green cards to establish notice. *See id.*; *Anderson*, 963 S.W.2d at 219–20. As to De La Garza's opportunity to be heard, the Department granted him an extension of time to file his motion for rehearing and other motions after the default order was

14

entered and considered those motions. *See Than*, 901 S.W.2d at 930; *Scally*, 351 S.W.3d at 447.

On this record, we cannot conclude that the Department failed to afford De La Garza all of the notice and opportunity to be heard that he was entitled to receive. *See* Tex. Const. art. I, § 19; *Crank*, 666 S.W.2d at 94; *Scally*, 351 S.W.3d at 447.

As part of these issues, De La Garza also raises the same arguments that he raised in his first, second, and third issues and urges that he adequately advised the Department of his complaints. But, as was previously noted, De La Garza did not raise his first and second issues in his motion for rehearing; he urged that his failure to respond was not intentional nor the result of conscious indifference.

For the same reasons that we overruled his first three issues, as well as our conclusion that the Department did not violate his due process rights, we overrule his fourth and fifth issues.

## CONCLUSION

For these reasons, we affirm the trial court's judgment affirming the Department's default order.

_____

Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Goodwin and Bourland

Affirmed

Filed: March 19, 2015

15