# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00084-CV

**Anthony V. Udenze and Fidel A. Udenze d/b/a AB's Like New Auto Sales, Appellants**

**v.**

**Monique Johnston, Director, Motor Vehicle Division Texas DMV, Appellee**

### DIRECT APPEAL FROM THE TEXAS DEPARTMENT OF MOTOR VEHICLES
### MOTOR VEHICLE DIVISION
### DOCKET NO. 20-0013690.ENF, MVD CASE NO. 22-0001664

## M E M O R A N D U M   O P I N I O N

This is a direct appeal from a final order of the Motor Vehicle Division of the Texas Department of Motor Vehicles (DMV). *See* Tex. Occ. Code § 2301.751. Anthony V. Udenze and Fidel A. Udenze[1] d/b/a AB's Like New Auto Sales request that we reverse the DMV's order revoking their vehicle-dealer license and assessing a civil penalty as sanctions for their alleged violations of certain applicable laws and regulations. The Udenzes argue that the DMV denied them due process by not construing their communications attempting to negotiate a lesser sanction as a request for an administrative hearing. The DMV responds that the Udenzes had been fully and properly informed of their right to request a hearing and the consequences of a failure to do so, that substantial evidence supports the DMV's finding that the Udenzes did not timely request a hearing, that the alleged violations were thus properly deemed admitted, and that

---

[1]Because appellants share the same last name, we use their first names when necessary to refer to them individually but otherwise refer to them collectively as appellants or the Udenzes.

the Udenzes did not raise any grounds adequate to support rehearing. As explained below, we will affirm the DMV's order.

## BACKGROUND

The Udenzes operate a used-car dealership pursuant to a General Distinguishing Number (GDN) license issued by the DMV. *See id.* § 2301.255; Tex. Transp. Code § 503.021. On October 11, 2021, the DMV sent the Udenzes a letter enclosing a Notice of Department Decision (NODD), informing them that the DMV had investigated their business and determined that they had violated enumerated applicable laws through the following alleged acts or omissions: misuse of a buyer's tag; failure to comply with the requirements for issuance or recordkeeping of a buyer's tag; failure to keep a complete record of all vehicles purchased or sold; failure to remit motor vehicle sales tax; failure to apply for the registration and title for car sales; and failure to meet premises requirements to operate as a dealer pertaining to required signage, parking spots, and posting of business hours. The letter stated,

> If there are circumstances surrounding the allegations that you believe should mitigate any sanction imposed by the Decision you can discuss an informal settlement with the undersigned enforcement attorney. To discuss an informal settlement of the case you **must first request an administrative hearing** as explained in the Decision within twenty-six (26) days from the date of the Decision. **For your convenience, you may use the request for hearing form included in this packet**.

> In most instances, an informal settlement can resolve the case in a shorter period of time with reduced civil penalties or other sanctions and without the costs associated with a formal proceeding. The undersigned attorney can be contacted at [number omitted] or by writing using the address above.

> . . .

> **If you do not request an administrative hearing within twenty-six (26) days from the date of the Decision, the terms and any sanctions contained therein become final.**

2

The enclosed NODD stated that the DMV recommended the assessment of a civil penalty of $8,000 and that the Udenzes' GDN license be revoked. The NODD informed the Udenzes of their right to request a hearing and the procedures therefor:

> If you wish to contest the allegations, recommended civil penalty, or other sanction you must first request an administrative hearing in writing. You may send your own request for hearing or use the Request for Administrative Hearing form included in this packet. Send your request to the following address:
>
> . . .
>
> The Department must receive your written hearing request not later than the 26th day after the date of this Decision.
>
> If you timely submitted a written request for a hearing, the Department may enter into an informal settlement agreement with you regarding these violations and enforcement action at any time before a final decision is rendered in this case.
>
> . . .
>
> If you do not request a hearing by the 26th day from the date of this notice, the Department Decision becomes final. After that date the Department may issue a Final Order implementing the Decision.

Attached to the NODD was a form entitled "Request for Administrative Hearing." The first paragraph of that form read, "If you intend to contest the allegations listed in the [NODD] in this matter or negotiate a settlement with the assigned enforcement division attorney you must first request an administrative hearing. You may use this form to request a hearing." The form included a box to check (either yes or no) for whether the person requesting the hearing would "like to discuss a resolution of this case without a hearing." At the bottom of the form was printed the following in bold, italicized font: "This request for hearing must be received at the below address no later than 26 days from the date of the Notice of Department Decision."

3

Attached to the hearing-request form were several pages entitled "Information about the Notice of Department Decision." Within these pages the mandate to timely request a hearing was again reiterated: "You may settle this matter informally and avoid a hearing before an Administrative Law Judge ("ALJ") at the State Office of Administrative Hearings ("SOAH") by timely filing a request for hearing within 26 days of the date of the Decision and discussing the case with the enforcement attorney." The due date, therefore, to request an administrative hearing was November 6, 2021.

On November 24, 2021, the DMV's Director signed a final order finding that the Udenzes "failed to submit in writing a request for hearing or to enter into a settlement agreement before the 27th day after the date of the Department's Decision" and concluding that such failure "deems the findings and administrative sanction cited in the Decision as final in accordance with 43 Tex. Admin. Code § 215.500(g)." The order notified the Udenzes that their GDN license was revoked, that they must cease and desist from operating as a motor-vehicle dealer until they secure a new license from the DMV, that revocation of their license may result in denial of a subsequent license application, and that they must pay a civil penalty of $8,000 within thirty days. The cover letter enclosing the final order and sent to the Udenzes notified them that if they "disagree[d] with the final order," they were entitled to file a motion for rehearing within twenty-five days. The letter specified the process for filing a motion for rehearing and stated that the motion must (1) include the specific reasons, exceptions, or grounds asserted by a party as the basis of the request for rehearing; and (2) recite the specific finding of fact, conclusion of law, or any other portion of the final order to which the party objects.

On December 15, 2021, Anthony filed with the DMV a motion for rehearing in which he explained that he had sent several emails to the DMV attorney assigned to this case,

4

Jennafer Tallant, and that Tallant had called him back and informed him that he should "get back to her after changing our business address" but did "not mention any date for my response or compliance to the issues on this case." He further explained in the motion some of the Covid-19-pandemic-related difficulties he and his business had experienced and pleaded that the DMV "grant my appeal so that [Tallant] and I could negotiate this case amicably or extend me time to secure a lawyer for appropriate legal representation." In the next section of his motion, Anthony responded directly to each of the eight alleged substantive violations noticed in the NODD. He attached several "evidentiary documents" and pleaded for "another chance." His motion was not verified or accompanied by an affidavit averring to the truth of the matters he had asserted or to the authenticity of the attached documents.

One of the documents attached to Anthony's motion for rehearing was a print-out of an October 20, 2021 email he sent to Tallant, stating that he was in receipt of the NODD and asking Tallant to please call him "so that we can discuss this case," explaining that he and his business had suffered and had "not fully recovered" from the Covid-19 pandemic. Within the email Anthony referenced August 2020 communications from a "Ms. Blackwell" with the DMV, during the "high p[eak]" of the pandemic, and Anthony's sending to Ms. Blackwell "some" of the information she had requested. Anthony ended his October 20 email thusly: "I will really need your help in resolving this matter with [a] warning. If and when you call me back, I will like to give you my response for each of this [sic] charges." Anthony attached to his motion for rehearing a print-out of another email he sent Tallant on October 27, "since [he had] not heard from" her. He indicated that he was "waiting for [Tallant's] communication so that we can discuss this case fairly in other [sic] to give me clarity to understand my next course of action."

Anthony additionally attached to his motion for rehearing a print-out of an email that Tallant sent him on October 28, 2021, but that Anthony appears to have received and printed out on December 17, 2021 (as indicated by the page's header). The print-out contains the following handwritten notation (purportedly made by Anthony): "I never received this email till yesterday [December 16, 2021] in my spam box this was sent after our phone conversation!"[2] In the October 28 email, Tallant informed Anthony that a "warning is not appropriate for this case" but that "to avoid revocation and to move forward on settling, [he] need[ed] to come in compliance with the premises violations," and listed three specific action items related to the business premises. Tallant's email concluded, "[o]nce you have the three things taken care of, e-mail me pictures of compliance, and we will go from there. I'll set a reminder for a week from today." The remaining documents attached to Anthony's motion for rehearing consisted of photographs of his business premises and other documents purporting to rebut the DMV's allegations of the non-premises violations.

On January 18, 2022, the DMV sent the Udenzes a letter enclosing a "Decision and Order Denying the Motion for Rehearing," stating that the order "concludes the appeal process at the administrative agency level" and informing the Udenzes of their right to file an appeal in Travis County district court or this Court within thirty days. The Udenzes timely filed their direct appeal in this Court.

---

[2] In their brief, after reprinting the text of Tallant's email, the Udenzes represent, "Unfortunately, [Tallant's] email went into Appellants' spam account. See notation [on print-out of email]."

**DISCUSSION**

In three issues, the Udenzes contend that (1) the initial email correspondence they sent the DMV on October 20, 2021, should have been construed as a request for an administrative hearing, given that the Department responded and "suggested mitigation factors" and further discussions; (2) the default order against them should be vacated because (a) their default was unintentional and not the result of conscious indifference, (b) they have a meritorious defense to the allegations, and (c) setting aside the default will not delay or otherwise injure the DMV; and (3) the DMV's actions denied them due process.

We review the DMV's final order, including the order's fact findings and legal conclusions, under the substantial-evidence rule. *See* Tex. Occ. Code § 2301.751(a); Tex. Gov't Code § 2001.174(a)(2); *Buddy Gregg Motor Homes, Inc. v. Motor Vehicle Bd.*, 156 S.W.3d 91, 98–99 (Tex. App.—Austin 2004, pet. denied). Under that rule, a reviewing court presumes the agency's order is supported by substantial evidence, *see Texas Health Facilities Comm'n v. Charter-Med.-Dall., Inc.*, 665 S.W.2d 446, 452 (Tex. 1984), and will uphold a decision where the record contains reliable and probative evidence that reasonably supports the agency's decision, *see Graff Chevrolet Co. v. Texas Motor Vehicle Bd.*, 60 S.W.3d 154, 159 (Tex. App.—Austin 2001, pet. denied). Furthermore, when—as here—a party's motion for rehearing is a prerequisite for judicial review, the motion must "identify with particularity [the] findings of fact or conclusions of law that are the subject of the complaint and any evidentiary or legal ruling claimed to be erroneous." *Atkins v. Texas Dep't of Motor Vehicles*, No. 03-19-00964-CV, 2021 WL 5457223, at *3 (Tex. App.—Austin Nov. 18, 2021, no pet.) (mem. op.) (citing Tex. Gov't Code § 2001.146(g)); *see also* Tex. Gov't Code § 2001.145(a) (noting when motion for rehearing is prerequisite to appeal in contested case).

7

Regarding the Udenzes' first issue, in which they argue that their email correspondence with the DMV should have been construed as a request for a hearing, we conclude that the record contains substantial evidence to support the DMV's findings and conclusions that the Udenzes did not thereby (or otherwise) request a hearing. The Udenzes did not use the word "hearing" in any of their email correspondence, and they point to no evidence otherwise appearing in the record (including the documents attached to their motion for rehearing) of any written hearing request they made or of any reference to a hearing in their correspondence with the DMV. *See Atkins*, 2021 WL 5457223, at *3 (holding that appellant's representation in his motion for rehearing that he had been communicating with agency staff to try to negotiate case was not sufficient to rebut agency's finding that he did not timely request hearing). The DMV's NODD and accompanying documents repeatedly and consistently stated the requirement for a timely written hearing request to avoid the NODD's becoming final and even contained a simple one-page form that the Udenzes could have used to request one. But the Udenzes did not make a written request for a hearing. Furthermore, in their motion for rehearing the Udenzes did not specifically challenge any of the DMV's findings or conclusions related to their failure to request a hearing. *See* Tex. Gov't Code § 2001.146(g); *Atkins*, 2021 WL 5457223, at *3 (basing affirmance of DMV order in part on appellant's failure to identify in motion for rehearing any finding of fact or conclusion of law he was challenging).

The fact that Tallant responded to the Udenzes' email correspondence with an email identifying three actions the Udenzes must take to "come into compliance with the premises violations" and to "avoid revocation and to move forward on settling" does not transform the Udenzes' email correspondence into a hearing request or require a finding or conclusion that it should have been so construed. Furthermore, by Anthony's own admission,

8

the Udenzes did not even know about Tallant's email suggesting the possibility of settling the case until after the deadline to request a hearing or settle the case had passed; thus, the Udenzes cannot reasonably claim that they relied on the DMV's correspondence in failing to timely request a hearing. Concluding that substantial evidence supports the DMV's finding that the Udenzes did not timely request a hearing, we overrule the Udenzes' first issue.

In their second issue, the Udenzes attempt to assert a *Craddock* defense to what was essentially a default order rendered against them, and we acknowledge that this Court has held the *Craddock* test may apply to administrative proceedings in appropriate circumstances. *See Anderson v. Railroad Comm'n*, 963 S.W.2d 217, 219 (Tex. App.—Austin 1998, pet. denied) (stating, "we think the *Craddock* standard is appropriate to apply to agency denials of rehearings after a default order," and specifying three elements of *Craddock* test); *see also Craddock v. Sunshine Bus. Lines*, 133 S.W.2d 124, 126 (Tex. 1939).

The first element of the *Craddock* test is that the default was unintentional and not a result of conscious indifference, and when applying the test to an agency proceeding, the appellant must support this allegation with evidence attached to a motion for rehearing. *Anderson*, 963 S.W.2d at 219; *see Statewide Convoy Transports, Inc. v. Railroad Comm'n*, 753 S.W.2d 800, 805 (Tex. App.—Austin 1988, no writ) (holding that agency did not abuse discretion in denying motion for rehearing that was not verified and where party did not attempt to adduce evidence before agency to support allegation in motion that its withdrawal from case was due to mistake); *see also In re Marriage of Sandoval*, 619 S.W.3d 716, 721–22 (Tex. 2021) (stating that it is abuse of discretion to deny motion for new trial if uncontroverted factual allegations in supporting affidavit are sufficient under *Craddock*; that "some excuse," including mistake of law, meets first element; and that court must accept as true uncontroverted facts

9

within affiant's personal knowledge); *Comanche Nation v. Fox*, 128 S.W.3d 745, 750 (Tex. App.—Austin 2004, no pet.) (noting that to meet first *Craddock* prong, movant must support factual allegations in motion with affidavit providing "some excuse, though not necessarily a good excuse" for failing to appear or answer with respect to default judgment).

The Udenzes' motion for rehearing was not verified or accompanied by an affidavit, and none of their attached "documentary evidence" was verified or otherwise authenticated. Thus, assuming that the *Craddock* test applies to this case, the mere allegations in the Udenzes' motion for rehearing were insufficient to support rehearing under the *Craddock* test. *See Anderson*, 963 S.W.2d at 219; *see also Adekoya v. Adekoya*, No. 03-16-00195-CV, 2017 WL 3902945, at *1 (Tex. App.—Austin Aug. 24, 2017, no pet.) (mem. op.) ("The facts alleged in the [*Craddock*] motion for new trial must be supported by affidavits or other competent evidence."). However, even if the DMV could properly have considered the unverified allegations in the Udenzes' motion and its unauthenticated attached documents in determining whether to grant the motion, those allegations and documents do not support the first *Craddock* element because they contain *no* explanation for the Udenzes' failure to request a hearing. Anthony states in his motion for rehearing that he had been "cooperating" with DMV agents regarding these violations since before the NODD was sent and had been communicating with Tallant via telephone and email since receiving the NODD but that Tallant "did not mention any date for my response or compliance to the issues on this case but only that I should get back to her after changing our business address." However, he does not allege in the motion any facts to explain why he did not request a hearing. For instance, he does not allege that he believed Tallant had construed his communications as a hearing request, that he was misled by the DMV in any way about the explicit hearing-request requirements noted in the NODD and

10

accompanying materials, that he misunderstood the hearing-request requirements, or that any DMV communications waived the hearing-request requirement.[3]   He simply offered no explanation or excuse for why he did not request a hearing.  Under these circumstances and on this record, we hold that the DMV did not abuse its discretion in denying the Udenzes' motion for rehearing.  *See Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 82–83 (Tex. 1992) (holding that trial court did not abuse discretion in denying motion for new trial because supporting affidavit provided nothing more than conclusory allegations, without any supporting facts, regarding first *Craddock* element); *see also Paul v. ATX Lender 5, LLC*, No. 03-21-00346-CV, 2023 WL 1998890, at *5 (Tex. App.—Austin Feb. 15, 2023, no pet. h.) (mem. op.) (holding that trial court did not abuse its discretion in finding that first *Craddock* element was not met where party made mere conclusory statement that his failure to timely answer suit was neither intentional nor result of conscious indifference and there was controverting evidence in record). We overrule the Udenzes' second issue.

In their third issue, the Udenzes contend that the DMV deprived them of their right to due process by beginning to negotiate with them after receiving their initial email correspondence but not construing the correspondence as a hearing request.  They cite the supreme court's *Mosley* opinion in support of their argument.  *See Mosley v. Texas Health & Hum. Servs. Comm'n*, 593 S.W.3d 250, 263, 268 (Tex. 2019).  Although we acknowledge the supreme court's admonition in *Mosley* that remand may be required when an agency's affirmative misdirection has deprived a party of its right to judicial review and to due process,

---

[3] As already noted, Anthony's own admission that he did not receive Tallant's negotiation attempt until December 15—well after the period for requesting a hearing had expired—belies any argument he might have made that Tallant misled him into thinking that the DMV had deemed his email or phone correspondence sufficient to constitute a hearing request.

the record does not support the application of the *Mosley* rule here. *See id.* (observing that agency's affirmative misdirection to party about proper procedures to seek judicial review of adverse order deprived party of due process when she followed such misdirection and thereby failed to file requisite motion for rehearing to perfect appeal). The facts in *Mosley* are distinguishable from those here because the Udenzes have not cited any evidence in the record that the DMV made any affirmative misrepresentation concerning the procedures for requesting a hearing. *Cf. id.* at 255–56. Furthermore, the procedural posture in *Mosley* is distinguishable because the agency's misdirection there resulted in the reviewing court's lacking jurisdiction (due to the appellant's failure to file a motion for rehearing), whereas here this Court's jurisdiction over the Udenzes' direct appeal is not at issue because the Udenzes filed a motion for rehearing and thereby had the opportunity to be heard and have such ruling reviewed on appeal. Finally, unlike in *Mosley*, the Udenzes made no argument and alleged no facts in their motion for rehearing that they relied to their detriment on the DMV's representations. We overrule the Udenzes' third issue.

## CONCLUSION

Having overruled the Udenzes' issues, we affirm the DMV's final order.

_____

Thomas J. Baker, Justice

Before Justices Baker, Theofanis, and Jones[*]

Affirmed

Filed: June 22, 2023

[*]Before J. Woodfin Jones, Chief Justice (Retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).

12